THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KIZZY L.M. JACKSON, Defendant-Appellant.

Fourth District   No. 4—00—0102

Argued January 24, 2001.—Opinion filed March 13, 2001.—Rehearing denied April 6, 2001.

Daniel D. Yuhas and Martin J. Ryan (argued), both of State Appellate Defender's Office, of Springfield, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On October 10, 1997, defendant, Kizzy L.M. Jackson, entered a negotiated plea of guilty to aggravated battery (720 ILCS 5/12—4(a) (West 1996)), a Class 3 felony (720 ILCS 5/12—4(e) (West 1996)), in

exchange for the State's agreement not to seek an extended-term sentence. On December 2, 1997, the trial court sentenced defendant to 10 years in prison, an extended-term sentence (730 ILCS 5/5—8—2(a)(5) (West 1996)), finding defendant's behavior "exceptionally brutal" and "indicative of wanton cruelty" (730 ILCS 5/5—5—3.2(b)(2) (West 1996)). Defendant appealed and this court remanded for compliance with Rule 604(d) (145 Ill. 2d R. 604(d)). *People v. Jackson*, No. 4—98—0062 (October 23, 1998) (unpublished summary order under Supreme Court Rules 23(c)(2), (c)(4)). Defendant again appeals, arguing that (1) her extended-term sentence must be reduced to a term within the regular sentencing range because section 5—5—3.2(b)(2) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5—5—3.2(b)(2) (West 1996)) violates the fifth amendment's due process clause (U.S. Const., amend. V) and the sixth amendment's notice and jury trial guarantees (U.S. Const., amend. VI) according to *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999); (2) the trial court abused its discretion in finding defendant eligible for an extended-term sentence; (3) the trial court erred by considering in aggravation the harm caused to the victim; and (4) the trial court abused its discretion by failing to find that several mitigating factors applied. We affirm.

On June 19, 1997, defendant confronted the victim, Rebecca S. Fanning, cutting her about the body with a box cutter. Defendant believed that the victim was involved in a relationship with defendant's boyfriend. The victim reported that the lacerations that she received required 155 stitches. The victim is legally blind in her left eye as a result of the attack. Defendant entered a negotiated plea of guilty to aggravated battery, a Class 3 felony. The trial court sentenced defendant to 10 years in prison, an extended-term sentence, finding defendant's behavior "exceptionally brutal" and "indicative of wanton cruelty."

Defendant first argues that defendant's extended-term sentence must be reduced to a term within the regular sentencing range because section 5—5—3.2(b)(2) of the Unified Code (730 ILCS 5/5—5—3.2(b)(2) (West 1996)) violates the fifth amendment's due process clause and the sixth amendment's notice and jury trial guarantees according to *Apprendi* and *Jones*. We disagree.

■ Section 5—8—1(a)(6) of the Unified Code provides that the sentence for a Class 3 felony shall be not less than two years nor more than five years. 730 ILCS 5/5—8—1(a)(6) (West 1996). Section 5—5—3.2(b)(2) of the Unified Code, however, provides:

"(b) The following factors may be considered by the court as

reasons to impose an extended term sentence under Section 5—8—2 upon any offender:

***

(2) When a defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty ***." 730 ILCS 5/5—5—3.2(b)(2) (West 1996).

Section 5—8—2(a)(5) of the Unified Code provides:

"(a) A judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized by Section 5—8—1 *** unless the factors in aggravation set forth in paragraph (b) of Section 5—5—3.2 were found to be present. Where the judge finds that such factors were present, he may sentence an offender to the following:

* * *

(5) for a Class 3 felony, a term shall not be less than 5 years and not more than 10 years[.]" 730 ILCS 5/5—8—2(a)(5) (West 1996).

■ In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63 (confirming the opinion expressed in *Jones*, 526 U.S. at 251-52, 143 L. Ed. 2d at 331, 119 S. Ct. at 1228, that, with regard to federal law, the fifth amendment's due process clause and the sixth amendment's notice and jury trial guarantees require that any fact, other than prior conviction, that increases the maximum for a crime must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt). In reliance thereon, defendant contends that section 5—5—3.2(b)(2) of the Unified Code is unconstitutional because it allows a trial court to impose a sentence beyond the two- to five-year statutory range for aggravated battery by finding the existence of certain facts that have not been submitted to a jury for proof beyond a reasonable doubt.

■ In *Apprendi*, at the time of the plea agreement, the State reserved the right to seek a higher sentence. At the same time, the defendant reserved the right to challenge the hate-crime sentence enhancement. Here, the trial court admonished defendant regarding the possibility of an extended-term sentence. Defendant indicated on multiple occasions that she understood the admonitions and without any reservations wished to plead guilty. A voluntary plea of guilty waives all errors, defects, and irregularities in the proceeding that are not jurisdictional, including constitutional error. *People v. Peeples*, 155 Ill. 2d 422, 491, 616 N.E.2d 294, 326 (1993).

■ Defendant next argues that the trial court abused its discretion

in finding defendant eligible for an extended-term sentence, erred by considering in aggravation the harm caused to the victim, and abused its discretion by failing to find that several mitigating factors applied. A trial court's sentencing decisions are entitled to great deference and weight and will not be overturned on appeal absent an abuse of discretion. *People v. Streit*, 142 Ill. 2d 13, 18-19, 566 N.E.2d 1351, 1353 (1991).

▪ We first note that defendant waived these issues by failing to include them in her posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988). Addressing the issues, section 5—5—3.2(b)(2) of the Unified Code provides that a trial court may impose an extended-term sentence when a defendant is convicted of any felony and the trial court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. 730 ILCS 5/5—5—3.2(b)(2) (West 1996). Conduct is "heinous" if it is hatefully or shockingly evil, grossly bad, or enormously and flagrantly criminal. "Brutal" means conduct that is grossly ruthless, devoid of mercy or compassion, or cruel and cold-blooded. *People v. La Pointe*, 88 Ill. 2d 482, 501, 431 N.E.2d 344, 353 (1981).

At the sentencing hearing, the trial court commented:

> "The defendant planned this event, obtained a weapon for the purpose of performing this attack, hunted her victim, blocked her retreat with a motor vehicle so she couldn't back out, attacked her savagely, scarred her for life, and then also continued to attack her as the victim attempted to leave."

Further, the court stated the victim would be "disfigured for her lifetime" and suffer "a lifetime of psychological distress as a result of this attack." The trial court did not commit an abuse of discretion in finding defendant eligible for an extended term.

▪ Defendant also contends that the trial court erred by considering in aggravation the harm caused to the victim. Defendant relies upon the reasoning expressed in *People v. Saldivar*, 113 Ill. 2d 256, 497 N.E.2d 1138 (1986). In *Saldivar*, 113 Ill. 2d at 271-72, 497 N.E.2d at 1144, the supreme court held that it is improper for a trial court imposing a sentence to rely upon a factor that is implicit in the offense. The record reveals that, prior to sentencing defendant, the trial court made extensive findings. Defendant argues that the trial court erred when it stated:

> "Factors in aggravation are clear. That this harm was about the most serious harm you could cause someone without killing them, I suppose. And even though harm is implicit as an element of the offense[,] and I'm considering that[,] also she has this history of prior delinquency, and a sentence of commitment to the Depart-

ment of Corrections is necessary to deter others from committing the same crime, and also to protect the public, generally."

The supreme court in *Saldivar* stated:

"[T]he commission of any offense, regardless of whether the offense itself deals with harm, can have varying degrees of harm or threatened harm. The legislature clearly and unequivocally intended that this varying quantum of harm may constitute an aggravating factor. While the classification of a crime determines the sentencing range, the severity of the sentence depends upon the *degree of harm* caused to the victim and as such may be considered as an aggravating factor in determining the exact length of a particular sentence, *even in cases where serious bodily harm is arguably implicit in the offense for which a defendant is convicted.*" (Emphasis in original.) *Saldivar*, 113 Ill. 2d at 269, 497 N.E.2d at 1143.

Although the trial court observed that defendant's conduct caused the victim's harm, the record clearly reveals that the court relied upon other aggravating factors in sentencing defendant, *i.e.*, the need to protect society from defendant, defendant's "history of prior delinquency," and the need "to deter others from committing the same crime." Any weight that the trial court placed on the fact that defendant's conduct caused harm was insignificant and did not result in a greater sentence. Accordingly, we reject defendant's argument that we must remand this cause for resentencing.

■ Last, defendant argues that the trial court abused its discretion by failing to find that several mitigating factors applied. After reviewing the record, we find that the trial court did not abuse its discretion in sentencing defendant to 10 years in prison. The record shows that the trial court thoroughly considered the evidence presented and weighed the appropriate factors in aggravation and mitigation that influenced its sentencing decision. Nevertheless, weighing the mitigating evidence against the aggravating circumstances, the trial court chose to impose a lengthy term of imprisonment, finding an "overwhelming" need to protect the public. The record fails to demonstrate an abuse of discretion, and we see no reason to disturb the sentence.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH and COOK, JJ., concur.