THIRD DIVISION
 Date Filed: February 20, 2002

No. 1-00-1492

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellee, ) Cook County.
 )
 v. ) No. 97 CR 22091
 )
NATHAN KIDD, ) Honorable
 ) James B. Linn,
 Defendant-Appellant. ) Judge Presiding.

 PRESIDING JUSTICE HALL delivered the opinion of the court:
 The defendant, Nathan Kidd, was indicted and charged with three counts
of first degree murder (720 ILCS 5/9-1(a)(1), (a)(2), (a)(3) West 1996))
and one count of armed robbery (720 ILCS 5/18-2 (West 1996)) in connection
with the death of Isaiah Blaxton. The first degree murder counts specified
that the victim was beaten with a bludgeon which resulted in his death.
 The defendant waived a jury trial and entered a plea of guilty to the
three murder counts and the armed robbery count. At the time the defendant
entered his plea, the trial judge advised him of the potential penalties
ranging from imprisonment for a minimum of 20 years to as much as 120
years, or natural life. The trial court advised the defendant that the
State was asking that the death penalty be imposed on him, and the
defendant acknowledged that he was giving up his right to be sentenced by
the jury.
 Following a hearing, the trial judge found the defendant eligible for
the death penalty, but found that there were mitigating factors precluding
the imposition of the death penalty
The trial court sentenced the defendant to an extended-term of 70 years'
imprisonment in the Department of Corrections. The trial court found that
the defendant was eligible for an extended-term sentence "based on the
wanton cruelty involved in this case, the fact that he took a healthy piece
of man, [the victim], and turned him into a pulp of a man when he beat him
and stabbed him and viciously was responsible for his death."
 Subsequently, the trial court denied the defendant's motion for
reconsideration of his sentence and summarily dismissed the defendant's
postconviction petition. This timely appeal followed.
 Analysis
 I. Standard of Review
 Our review of a trial court's dismissal of a defendant's
postconviction petition without an evidentiary hearing is de novo. People
v. Coleman, 183 Ill. 2d 366, 389, 701 N.E.2d 1063, 1075 (1998).
 II. Discussion
 The sole issue on appeal is whether the defendant's extended-term
sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466,
147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).
 At the outset and despite the State's lengthy argument to the
contrary, we elect not to abandon or reconsider our position that Apprendi
applies to a defendant's initial postconviction proceeding. See People v.
Beachem, 317 Ill. App. 3d 693, 740 N.E.2d 389 (2000). We note that the
second division of this court has reached the opposite conclusion. See
People v. Stewart, No. 1-99-3621 (December 18, 2001); People v. Kizer, 318
Ill. App. 3d 238 (2000) (cases holding that Apprendi does not apply to
cases on collateral review). Nevertheless, we are still persuaded by
Justice Wolfson's exhaustive research and thoughtful analysis in Beachem
and continue to hold that Apprendi applies to a defendant's initial
postconviction petition.[1]
 Next, the State maintains that the defendant's failure to raise an
Apprendi challenge to his sentence in his postconviction petition waives
said challenge. See 725 ILCS 5/122-3 (West 1996) (failure to specify error
in postconviction petition waives consideration of the error). However,
the decision in Apprendi was not issued until June 1, 2000, while the
defendant's postconviction petition had been filed and already denied by
March 31, 2000. In any event, the constitutional dimension of the question
permits this court to address the issue regardless of the defendant's
failure to raise it before the circuit court. See Beachem, 317 Ill. App.
3d at 706, 740 N.E.2d at 397-98.
 We now turn to the central issue in this case. May a defendant who
enters a plea of guilty challenge his extended-term sentence on the basis
that the extended term was imposed based upon a factor not proven beyond a
reasonable doubt? Or, viewed more simply, does Apprendi apply to sentences
imposed as the result of a plea of guilty?
 We begin by noting the well-established rule that a voluntary plea of
guilty waives all errors, defects, and irregularities in the proceeding
that are not jurisdictional, including constitutional error. People v.
Jackson, 319 Ill. App. 3d 110, 113, 744 N.E.2d 1275, 1278 (2001), appeal
allowed, 195 Ill. 2d 564, 754 N.E.2d 1289 (2001).
 While Apprendi itself involved a plea of guilty, two recent Illinois
cases have determined that Apprendi does not apply to guilty pleas. In
Jackson, the Appellate Court, Fourth District, distinguished Apprendi on
the basis that, in that case, both the State and the defendant had reserved
their respective rights to seek or challenge the imposition of a higher
sentence. Jackson, 319 Ill. App. 3d at 113, 744 N.E.2d at 214. In
Jackson, however, the defendant had been admonished as to the possibility
of an extended sentence and persisted in her plea of guilty. Jackson, 319
Ill. App. 3d at 113, 744 N.E.2d at 214.

 In People v. Chandler, 321 Ill. App. 3d 292, 748 N.E.2d 685 (2001),
the Appellate Court, Second District, also determined that Apprendi did not
apply to a sentence imposed following a plea of guilty. However, that case
involved consecutive sentences which were imposed on the basis that the
trial court found that the defendant posed a danger to the victim. Our
supreme court has now held that Apprendi does not apply to consecutive
sentences. See People v. Wagener, 196 Ill. 2d 269, 752 N.E.2d 430 (2001).
Nonetheless, Chandler is helpful to our analysis.
 The Chandler court noted that the defendant, having waived his right
to a jury trial on all issues, could not claim that he was entitled to have
a jury determine the issue of his future dangerousness beyond a reasonable
doubt. In distinguishing Apprendi, the court stated as follows:
 "Although Apprendi itself was an appeal following a guilty plea,
 the defendant there expressly reserved the right to challenge on
 appeal the constitutionality of the sentence-enhancement statute.
 [Citation.] Moreover, the indictment did not allege that Apprendi
 committed the crimes with an improper purpose; therefore, his guilty
 plea did not waive a jury trial as to that element. [Citation.]"
 (Emphasis added). Chandler, 321 Ill. App. 3d at 297, 748 N.E.2d at
 690.
 As the Supreme Court recognized in Apprendi, there is no distinction
between an element of a felony offense and a so-called "sentencing factor,"
and therefore, a defendant is entitled to a jury determination of guilt
beyond a reasonable doubt on every element of the charged offense.
Beachem, 317 Ill. App. 3d at 697, 740 N.E.2d at 391. If the defendant is
sentenced to a term greater than the maximum based upon a trial court's
finding of a sentencing factor, once the defendant serves the prescribed
maximum sentence, the effect is that he or she remains in prison on a
charge never made or proved. See Beachem, 317 Ill. App. 3d at 702, 740
N.E.2d at 394-95.
 Applying the above analysis to the case before us, the defendant was
sentenced to an extended term based on the trial court's finding that the
defendant acted with wanton cruelty in killing the victim. However, the
indictment in this case did not charge that the defendant acted with wanton
cruelty when he killed the victim. Because the element used to enhance his
sentence was never charged in the indictment, the defendant cannot be said
to have waived his right to have the jury determine that element beyond a
reasonable doubt. Chandler, 321 Ill. App. 3d at 297, 748 N.E.2d at 690.
 Therefore, we conclude that a defendant's plea of guilty does not
waive his right to have any sentencing factor, except for a prior
conviction, which extends his sentence beyond the maximum allowed by
statute and which was not charged in the indictment, determined beyond a
reasonable doubt. Under those circumstances, the dictates of Apprendi
apply.
 The State then argues that the 70-year sentence imposed in this case
was not beyond the prescribed statutory maximum. The State maintains that
the maximum penalty for murder in Illinois is death, and since the trial
court in this case found the defendant eligible for the death penalty, even
though it chose not to impose it, the defendant's sentence does not offend
Apprendi.
 The State raised the same argument in Beachem. We rejected the
State's argument in that case. As in the present case, the defendant in
Beachem was found eligible for the death penalty.
We concluded in Beachem that because the defendant was sentenced under
section 5-8-2(a) (730 ILCS 5/5-8-2(a) (West 1996)) of the Unified Code of
Corrections (the Code), which provided for a maximum sentence of 60 years
for first degree murder, the trial court could not impose a longer sentence
unless it found the existence of factors listed in section 5-5-3.2(b) (730
ILCS 5/5-5-3.2(b) (West 1996). Thus, we determined that 60 years was the
prescribed maximum sentence for murder in Illinois.
 However, our supreme court's recent decision in People v. Ford, No.
90083 (October 18, 2001), validates the State's argument.
 In Ford, the court held that when a defendant is found eligible for
the death penalty by proof beyond a reasonable doubt, the imposition of an
extended-term sentence under sections 5-5-3.2(b)(2) and 5-8-2(a)(1) of the
Code complies with the rule announced in Apprendi. Ford, slip op. at 5.
In Ford, the trial court found, by proof beyond a reasonable doubt, that
the defendant had committed the murder in the course of another felony,
that the murder was intentional and involved torture and, as a result, the
defendant was eligible for the death penalty. However, the trial court
imposed an extended-term sentence of years, finding that the murder was
accompanied by brutal and heinous behavior. The supreme court reasoned
that the trial court's additional finding did not increase his sentence
since the defendant was facing the death penalty. See Ford, slip op. at 5.

 In this case, the defendant was found eligible for the death penalty
but was sentenced to an extended term of years under section 5-8-2(a) of
the Unified Code of Corrections (730 ILCS 5/5-8-2(a) (West 1996)).
Therefore, the decision in Ford rather than in Beachem controls the result
here.[2]

 We conclude, therefore, that Apprendi does apply to sentences imposed
as a result of a guilty plea. However, when, as in this case, the
defendant has been found eligible for the death penalty, the maximum
sentence is death, and therefore a lesser sentence does not violate
Apprendi .
 For all of the foregoing reasons, we affirm the denial of the
defendant's postconviction petition.
 Affirmed.
 CERDA and WOLFSON, JJ., concur.

-----------------------

 [1]In People v. Rush, 322 Ill. App. 3d 1014, 748 N.E.2d 832 (2001),
the Appellate Court, Fifth District, chose to follow Beachem, but noted
that the issue of whether Apprendi applies retroactively to cases on
collateral review was currently before our supreme court in Hill v. Cowan,
appeal docketed, No. 90229 (September 19, 2000). Rush, 322 Ill. App. 3d at
1021, 748 N.E.2d at 838.

 [2]We note, however, that the defendant in this case was never
actually facing the death penalty since at the time of the defendant's
guilty plea, the trial judge stated that he would not impose the death
penalty if the defendant pleaded guilty, even though he agreed to conduct a
death penalty hearing as requested by the State.