THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NATHAN KIDD, Defendant-Appellant.

First District (3rd Division)   No. 1—00—1492

Opinion filed February 20, 2002.

Rita A. Fry, Public Defender, of Chicago (Robert D. Swartz, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Alan J. Spellberg, and Susan M. Caraher, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE HALL delivered the opinion of the court:

The defendant, Nathan Kidd, was indicted and charged with three counts of first degree murder (720 ILCS 5/9—1(a)(1), (a)(2), (a)(3) (West 1996)) and one count of armed robbery (720 ILCS 5/18—2 (West 1996)) in connection with the death of Isaiah Blaxton. The first degree murder counts specified that the victim was beaten with a bludgeon which resulted in his death.

The defendant waived a jury trial and entered a plea of guilty to the three murder counts and the armed robbery count. At the time the defendant entered his plea, the trial judge advised him of the potential penalties ranging from imprisonment for a minimum of 20 years to as much as 120 years, or natural life. The trial court advised the defendant that the State was asking that the death penalty be imposed on him, and the defendant acknowledged that he was giving up his right to be sentenced by the jury.

Following a hearing, the trial judge found the defendant eligible for the death penalty, but found that there were mitigating factors precluding the imposition of the death penalty The trial court sentenced the defendant to an extended term of 70 years' imprisonment in the Department of Corrections. The trial court found that the defendant was eligible for an extended-term sentence "based on the wanton cruelty involved in this case, the fact that he took a healthy piece of man, [the victim], and turned him into a pulp of a man when he beat him and stabbed him and viciously was responsible for his death."

Subsequently, the trial court denied the defendant's motion for reconsideration of his sentence and summarily dismissed the defendant's postconviction petition. This timely appeal followed.

## Analysis

### I. Standard of Review

■ Our review of a trial court's dismissal of a defendant's postconviction petition without an evidentiary hearing is *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 389, 701 N.E.2d 1063, 1075 (1998).

### II. Discussion

The sole issue on appeal is whether the defendant's extended-term sentence is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

■ At the outset and despite the State's lengthy argument to the contrary, we elect not to abandon or reconsider our position that *Apprendi* applies to a defendant's initial postconviction proceeding. See *People v. Beachem*, 317 Ill. App. 3d 693, 740 N.E.2d 389 (2000). We note that the second division of this court has reached the opposite conclusion. See *People v. Stewart*, 326 Ill. App. 3d 933 (2001); *People v. Kizer*, 318 Ill. App. 3d 238 (2000) (cases holding that *Apprendi* does not apply to cases on collateral review). Nevertheless, we are still persuaded by Justice Wolfson's exhaustive research and thoughtful analysis in *Beachem* and continue to hold that *Apprendi* applies to a defendant's initial postconviction petition.[1]

■ Next, the State maintains that the defendant's failure to raise an *Apprendi* challenge to his sentence in his postconviction petition waives said challenge. See 725 ILCS 5/122—3 (West 1996) (failure to specify error in postconviction petition waives consideration of the error). However, the decision in *Apprendi* was not issued until June 1, 2000, while the defendant's postconviction petition had been filed and already denied by March 31, 2000. In any event, the constitutional dimension of the question permits this court to address the issue regardless of the defendant's failure to raise it before the circuit court. See *Beachem*, 317 Ill. App. 3d at 706, 740 N.E.2d at 397-98.

We now turn to the central issue in this case. May a defendant who enters a plea of guilty challenge his extended-term sentence on

---

[1] In *People v. Rush*, 322 Ill. App. 3d 1014, 748 N.E.2d 832 (2001), the Appellate Court, Fifth District, chose to follow *Beachem*, but noted that the issue of whether *Apprendi* applies retroactively to cases on collateral review was currently before our supreme court in *Hill v. Cowan, appeal docketed*, No. 90229 (September 19, 2000). *Rush*, 322 Ill. App. 3d at 1021, 748 N.E.2d at 838.

the basis that the extended term was imposed based upon a factor not proven beyond a reasonable doubt? Or, viewed more simply, does *Apprendi* apply to sentences imposed as the result of a plea of guilty?

■ We begin by noting the well-established rule that a voluntary plea of guilty waives all errors, defects, and irregularities in the proceeding that are not jurisdictional, including constitutional error. *People v. Jackson*, 319 Ill. App. 3d 110, 113, 744 N.E.2d 1275, 1278 (2001), *appeal allowed*, 195 Ill. 2d 564, 754 N.E.2d 1289 (2001).

While *Apprendi* itself involved a plea of guilty, two recent Illinois cases have determined that *Apprendi* does not apply to guilty pleas. In *Jackson*, the Appellate Court, Fourth District, distinguished *Apprendi* on the basis that, in that case, both the State and the defendant had reserved their respective rights to seek or challenge the imposition of a higher sentence. *Jackson*, 319 Ill. App. 3d at 113, 744 N.E.2d at 214. In *Jackson*, however, the defendant had been admonished as to the possibility of an extended sentence and persisted in her plea of guilty. *Jackson*, 319 Ill. App. 3d at 113, 744 N.E.2d at 214.

In *People v. Chandler*, 321 Ill. App. 3d 292, 748 N.E.2d 685 (2001), the Appellate Court, Second District, also determined that *Apprendi* did not apply to a sentence imposed following a plea of guilty. However, that case involved consecutive sentences which were imposed on the basis that the trial court found that the defendant posed a danger to the victim. Our supreme court has now held that *Apprendi* does not apply to consecutive sentences. See *People v. Wagener*, 196 Ill. 2d 269, 752 N.E.2d 430 (2001). Nonetheless, *Chandler* is helpful to our analysis.

The *Chandler* court noted that the defendant, having waived his right to a jury trial on all issues, could not claim that he was entitled to have a jury determine the issue of his future dangerousness beyond a reasonable doubt. In distinguishing *Apprendi*, the court stated as follows:

> "Although *Apprendi* itself was an appeal following a guilty plea, the defendant there expressly reserved the right to challenge on appeal the constitutionality of the sentence-enhancement statute. [Citation.] Moreover, *the indictment did not allege that Apprendi committed the crimes with an improper purpose; therefore, his guilty plea did not waive a jury trial as to that element.* [Citation.]" (Emphasis added.) *Chandler*, 321 Ill. App. 3d at 297, 748 N.E.2d at 690.

As the Supreme Court recognized in *Apprendi*, there is no distinction between an element of a felony offense and a so-called "sentencing factor," and therefore, a defendant is entitled to a jury determination of guilt beyond a reasonable doubt on every element of the

charged offense. *Beachem*, 317 Ill. App. 3d at 697, 740 N.E.2d at 391. If the defendant is sentenced to a term greater than the maximum based upon a trial court's finding of a sentencing factor, once the defendant serves the prescribed maximum sentence, the effect is that he or she remains in prison on a charge never made or proved. See *Beachem*, 317 Ill. App. 3d at 702, 740 N.E.2d at 394-95.

■ Applying the above analysis to the case before us, the defendant was sentenced to an extended term based on the trial court's finding that the defendant acted with wanton cruelty in killing the victim. However, the indictment in this case did not charge that the defendant acted with wanton cruelty when he killed the victim. Because the element used to enhance his sentence was never charged in the indictment, the defendant cannot be said to have waived his right to have the jury determine that element beyond a reasonable doubt. *Chandler*, 321 Ill. App. 3d at 297, 748 N.E.2d at 690.

Therefore, we conclude that a defendant's plea of guilty does not waive his right to have any sentencing factor, except for a prior conviction, which extends his sentence beyond the maximum allowed by statute and which was not charged in the indictment determined beyond a reasonable doubt. Under those circumstances, the dictates of *Apprendi* apply.

The State then argues that the 70-year sentence imposed in this case was not beyond the prescribed statutory maximum. The State maintains that the maximum penalty for murder in Illinois is death, and since the trial court in this case found the defendant eligible for the death penalty, even though it chose not to impose it, the defendant's sentence does not offend *Apprendi*.

The State raised the same argument in *Beachem*. We rejected the State's argument in that case. As in the present case, the defendant in *Beachem* was found eligible for the death penalty. We concluded in *Beachem* that because the defendant was sentenced under section 5—8—2(a) (730 ILCS 5/5—8—2(a) (West 1996)) of the Unified Code of Corrections (the Code), which provided for a maximum sentence of 60 years for first degree murder, the trial court could not impose a longer sentence unless it found the existence of factors listed in section 5—5—3.2(b) (730 ILCS 5/5—5—3.2(b) (West 1996)). Thus, we determined that 60 years was the prescribed maximum sentence for murder in Illinois.

However, our supreme court's recent decision in *People v. Ford*, 198 Ill. 2d 68 (2001), validates the State's argument.

In *Ford*, the court held that when a defendant is found eligible for the death penalty by proof beyond a reasonable doubt, the imposition of an extended-term sentence under sections 5—5—3.2(b)(2) and

5—8—2(a)(1) of the Code complies with the rule announced in *Apprendi*. *Ford*, 198 Ill. 2d at 74. In *Ford*, the trial court found, by proof beyond a reasonable doubt, that the defendant had committed the murder in the course of another felony, that the murder was intentional and involved torture and, as a result, the defendant was eligible for the death penalty. However, the trial court imposed an extended-term sentence of years, finding that the murder was accompanied by brutal and heinous behavior. The supreme court reasoned that the trial court's additional finding did not increase his sentence since the defendant was facing the death penalty. See *Ford*, 198 Ill. 2d at 74.

In this case, the defendant was found eligible for the death penalty but was sentenced to an extended term of years under section 5—8—2(a) of the Unified Code of Corrections (730 ILCS 5/5—8—2(a) (West 1996)). Therefore, the decision in *Ford* rather than in *Beachem* controls the result here.[2]

We conclude, therefore, that *Apprendi* does apply to sentences imposed as a result of a guilty plea. However, when, as in this case, the defendant has been found eligible for the death penalty, the maximum sentence is death, and therefore a lesser sentence does not violate *Apprendi*.

For all of the foregoing reasons, we affirm the denial of the defendant's postconviction petition.

Affirmed.

CERDA and WOLFSON, JJ., concur.

---

[2]We note, however, that the defendant in this case was never *actually* facing the death penalty since at the time of the defendant's guilty plea, the trial judge stated that he would not impose the death penalty if the defendant pleaded guilty, even though he agreed to conduct a death penalty hearing as requested by the State.