THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS TOWNSELL, Defendant-Appellant.

Third District   No. 3—00—0302

Opinion filed February 27, 2002.—Modified opinion filed March 28, 2002.

Mark D. Fisher (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Gary F. Gnidovec (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

The State charged Dennis Townsell with first degree murder. Ill. Rev. Stat. 1991, ch. 38, par. 9—1(a)(1). In the charging instrument, the State specifically alleged that on February 18, 1991, without lawful justification and with intent to kill, Townsell caused Terry Biscontine's death by shooting, stabbing, and choking him. Townsell pled guilty to the charge. At his sentencing hearing in August of 1991, the judge extended his prison term to 100 years under subsection 5—5—3.2(b)(2) of the Unified Code of Corrections, which authorized such extension "[if] the court [found] that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." Ill. Rev. Stat. 1991, ch. 38, par. 1005—5—3.2(b)(2).

In *Apprendi v. New Jersey*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000). In this direct appeal from his sentence, Townsell claims that extension of his prison term based on the "brutal or heinous" element of subsection 5—5—3.2(b)(2) violated the rule announced in *Apprendi*. We agree.

■ Initially, the State argues that Townsell has waived his claim because he (1) failed to raise it below, and (2) entered a guilty plea. In either instance, the waiver doctrine is a limitation on the parties only, and we will overlook a waiver in appropriate situations. See *People v. Dunlap*, 315 Ill. App. 3d 1017 (2000) (involving a waiver argument based on the defendant's failure to raise his claim below); *People v. McCaskill*, 298 Ill. App. 3d 260 (1998) (involving a waiver argument based on the fact that the defendant had entered a guilty plea). Considering the gravity of Townsell's claim, we decline to apply the waiver doctrine here. See *People v. Wagener*, 196 Ill. 2d 269 (2001) (refusing to apply the waiver doctrine to an *Apprendi* claim).

The State also argues that *Apprendi* is inapplicable because Townsell's 100-year prison term does not exceed the prescribed statutory maximum penalty for first degree murder. The State supports this argument by citing *People v. Vida*, 323 Ill. App. 3d 554 (2001), where a panel of the Appellate Court, First District, concluded that the maximum sentence for first degree murder is natural life imprisonment.[1] We disagree with this conclusion. See *People v. Lee*, 326 Ill. App. 3d 882 (2001).

■ In *Apprendi* the Supreme Court stated that the "relevant inquiry" is whether the required finding (*e.g.*, that a murder was brutal or heinous) "expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict." *Apprendi*, 530 U.S. at 494, 147 L. Ed. 2d at 457, 120 S. Ct. at 2365. At the time of Townsell's sentencing hearing, the greatest punishment a judge could impose based on a guilty verdict for first degree murder was 60 years in prison. Compare Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(1)(a) (prescribing a prison term of 20 to 60 years), with Ill. Rev. Stat. 1991,

---

[1]The State also cites *People v. Ford*, 198 Ill. 2d 68 (2001), and *People v. Rivera*, 333 Ill. App. 3d 1092 (2001), which are clearly distinguishable. In each of those cases, unlike the instant case, the defendant's extended sentence fell within a range authorized by an element that had been proved beyond a reasonable doubt.

ch. 38, pars. 1005—8—1(b), (c) (authorizing natural life imprisonment, but only upon a finding of elements additional to those required for a guilty verdict). That fact has not changed in the meantime. See 730 ILCS 5/5—8—1(a)(1)(a) (West 2000); *People v. Nitz*, 319 Ill. App. 3d 949 (2001). Thus, for *Apprendi* purposes, the prescribed statutory maximum penalty for first degree murder is a 60-year prison term. See *Nitz*, 319 Ill. App. 3d 949; *People v. Armstrong*, 318 Ill. App. 3d 607 (2000).

■ The State further argues that *Apprendi* is inapplicable because Townsell's conviction resulted from a guilty plea. This argument is based on the fact that when Townsell pled guilty he relinquished his right to a jury trial, which right the State describes as "the constitutional foundation of *Apprendi*." We note that Townsell entered his guilty plea more than nine years before *Apprendi* was decided. This fact raises serious questions about whether any of his plea-related relinquishments encompass the constitutional right announced in *Apprendi*. Furthermore, the State did not include a "brutal or heinous" element in the charging instrument. Townsell thus did not relinquish his jury trial right with respect to that element when he pled guilty. See *People v. Fields*, 331 Ill. App. 3d 323 (2002); *People v. Kidd*, 327 Ill. App. 3d 973 (2002). In any event, the holding in *Apprendi* certainly can apply to defendants who plead guilty; after all, Apprendi himself was convicted based on a guilty plea.[2]

Regarding the merits of Townsell's claim, in *People v. Lee*, 326 Ill. App. 3d 882 (2001), this court held that extension of the defendant's prison term based on the "brutal or heinous" element of subsection 5—5—3.2(b)(2) violated the rule announced in *Apprendi*. The version of subsection 5—5—3.2(b)(2) involved in *Lee* is identical to the version under which Townsell's prison term was extended. Our holding in *Lee* is thus dispositive here.

■ Nevertheless, the State asserts that Townsell's extended sentence is not reversible under *Apprendi* because: (1) the judge made the "brutal or heinous" finding beyond a reasonable doubt at the sentencing hearing, despite his failure to articulate the reasonable doubt standard; and (2) any error was harmless because undisputed evidence from the sentencing hearing established that the offense was brutal or heinous. These assertions fail to address the constitutional problem that necessitated *Apprendi*.

---

[2]We realize that Apprendi reserved the right to challenge New Jersey's extended-sentencing statute. However, that action only spared him from the type of waiver argument we have already rejected. His reservation did not somehow render the Supreme Court's holding inapplicable to other guilty plea cases where, as here, courts decline to apply the waiver doctrine.

Subsection 5—5—3.2(b)(2) essentially creates a new offense (brutal or heinous first degree murder) that is separate from, and more severe than, ordinary first degree murder. *Cf. Jones v. United States*, 526 U.S. 227, 143 L. Ed. 2d 311, 119 S. Ct. 1215 (1999) (holding that three separate offenses were established by a criminal statute containing a regular sentencing provision and two extended-sentencing provisions); *Apprendi*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (noting that New Jersey's extended-sentencing statute turned a second degree offense into a first degree offense); *People v. Thurow*, 318 Ill. App. 3d 128 (2001) (noting that an extended-sentencing provision for involuntary manslaughter stated a distinct offense), *appeal allowed*, 194 Ill. 2d 580 (2001). Townsell only pled guilty to the offense stated in the charging instrument—ordinary first degree murder. It would thus be fundamentally unfair to sentence him for a more severe offense.[3]

While this appeal was pending, the State moved to amend its request for relief by adding an alternate remedy. The proposed remedy is a remand for an "all-inclusive" resentencing hearing where the judge can consider all sentencing options, including another extended prison term. We took the State's motion with the case, and we now deny it for the reasons stated above.

The highest penalty Townsell can receive for the offense to which he pled guilty is 60 years in prison. We thus vacate the extended portion of his sentence and, pursuant to our authority under Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)), modify his prison term to 60 years.

## CONCLUSION

The portion of the circuit court's judgment extending Townsell's prison term is vacated, and his sentence is modified to 60 years.

Vacated in part; sentence modified.

LYTTON, P.J., and McDADE, J., concur.

---

[3]These circumstances illuminate the rationale for applying *Apprendi* to cases involving guilty pleas. A guilty plea cannot be knowing and voluntary unless the defendant knows the offense for which he will be convicted as a consequence of entering the plea.