Docket No. 91359–Agenda 19–November 2001.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. KIZZY L. M. JACKSON, Appellant.

Opinion filed April 18, 2002.

JUSTICE FREEMAN delivered the opinion of the court:

This case once again brings before this court a question involving the Supreme Court’s decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).

Defendant Kizzy Jackson was charged with the Class 3 felony of aggravated battery (720 ILCS 5/12–4 (West 1996)) for attacking the victim, Rebecca Fanning, with a box cutter. Defendant pled guilty to the offense in exchange for the State’s recommending a sentence within the normal range of imprisonment. After accepting defendant’s plea, the court sentenced her to an extended term of 10 years’ imprisonment. Defendant contends that this sentence violated her due process rights, based on the Supreme Court’s decision in 
Apprendi
. We disagree, and affirm.

BACKGROUND

In June 1997 the State charged defendant with aggravated battery by information. Specifically, the State alleged that on June 19, 1997, defendant caused great bodily harm to the victim, Rebecca Fanning, during the commission of a battery, by cutting the victim about the body. The information made no mention of the possibility of an extended sentence or of what might have to be proven for an extended sentence to be imposed.

Defendant initially entered a not-guilty plea. However, in October 1997 she pled guilty pursuant to an agreement with the State not to seek an extended-term penalty in her case.

Before accepting defendant’s plea, the court elicited various facts from defendant and admonished her regarding the consequences of a guilty plea. Defendant told the court that she was 18 years old and had finished the tenth grade. She stated that she could read and write and understand English, and that although she had some learning difficulties, which had led to her placement in a special education program, she was not mentally or physically disabled.

The court informed defendant that she had been charged with aggravated battery, a Class 3 felony, which normally carried a penalty of two to five years’ imprisonment in the Department of Corrections. However, the court also told defendant that she could be sentenced to an extended term of 5 to 10 years’ imprisonment in various circumstances. The court specifically noted that one circumstance which might apply in defendant’s case “would be a finding by the Court that this felony offense was accompanied by exceptionally brutal or heinous behavior, indicative of wanton cruelty.” The court told her that if she pled guilty, the determination by the court whether the offense was subject to an extended term would be made at a sentencing hearing, at which both she and the State would be allowed to call witnesses. Defendant indicated that she understood. The court stated that it was

“explain[ing] all this to you [defendant] in some detail because the Court is not bound by this agreement. The Court may impose a sentence of imprisonment within the range of two to five years in the Department of Corrections. The Court may disregard the State’s recommendation, high or low. I might place you on probation with various conditions. I might impose an extended term, if the evidence supports it.”

Defendant again indicated her understanding.

The court went on to confirm that defendant understood the rights she was giving up by pleading guilty. The court informed defendant that she was

“[p]resumed to be innocent of this charge, aggravated battery. The burden is on the State to prove you guilty of aggravated battery beyond a reasonable doubt. And you don’t lose that innocence until a jury of 12 finds, after a trial, that you’re guilty of the offense beyond a reasonable doubt or a judge in a bench trial makes that finding. Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: If you plead guilty you lose all these rights and there won’t be any trial of any kind. Do you know what a jury trial is?

THE DEFENDANT: Yes, sir.

THE COURT: And let me point out to you, before you can be convicted in a jury trial of 12 people, all 12 people have to agree that that burden’s been met by the State, proven you guilty beyond a reasonable doubt. And when you plead guilty to this offense, you give up all these rights and there won’t be any trial. Do you give up the presumption of innocence?

THE DEFENDANT: Yes, sir.

THE COURT: Do you give up the burden of proof on the State to prove you guilty of aggravated battery beyond a reasonable doubt?

THE DEFENDANT: Yes, sir.

THE COURT: And do you give up your right to a trial of any kind?

THE DEFENDANT: Yes, sir.”

Defendant also indicated that she understood and was giving up her rights to the assistance of an attorney, of confrontation and cross-examination of witnesses against her, to subpoena witnesses in her favor, and her right to testify or not to testify in her own behalf.

After finding that defendant’s guilty plea was knowing, understanding, and voluntary, the court requested the State’s factual basis. Before this court defendant does not dispute any of the facts underlying her conviction or sentence. In brief, the victim was in a parked car when defendant confronted the victim about defendant’s boyfriend. Defendant, who had imbibed a large amount of alcohol, parked her car behind the victim’s, blocking her from moving. Defendant then exited her car and walked over to the victim, still seated in her car. She attacked the victim through her car window with a box cutter, slashing her about the face and neck. Defendant continued to cut the victim as the victim tried to move away from her assault. One of the wounds to the victim’s face required over 100 stitches to close. The court accepted the factual basis and the guilty plea.

At the sentencing hearing, the only evidence adduced by the State was photographs of the victim’s injuries. Defendant called several witnesses who stated that defendant was a good student while she was in school, and she had potential to be a contributing member of society if released. Defendant testified on her own behalf, stating that she was sorry, and she knew that what she had done was wrong. Defendant did admit on cross-examination that she had purchased the box cutter in advance, although she stated that she had obtained it for “protection.” In argument, the State noted that the court had advised defendant that an extended-term sentence was a possibility, but argued that “the maximum sentence under the basic sentencing structure, that five years, is an appropriate sentence.” Defense counsel urged the court to sentence defendant to probation, noting that defendant was young, had no previous felony convictions, and had a young child.

The court recognized that defendant’s age and lack of a prior record were mitigating factors, as was the fact that she pled guilty. However, the court noted that according to the presentence report defendant had been on probation for a battery committed as a juvenile, and that probation had been revoked. The court noted that defendant had received services from more than 20 social services agencies, but stated that it was “clear from reading this presentence investigation that she’s been out of control for years and years.” The court also commented on the “exceptionally brutal” nature of the preplanned attack, calling it “about the most serious harm you could cause someone without killing them, I suppose.” The court noted that the victim had received 150 stitches to close the wounds on her face, was permanently blinded in one eye, and had permanent scarring on her face and neck. The court stated that the attack was either designed to render the victim unattractive to defendant’s boyfriend or at least was committed with indifference to the suffering that the victim would endure “with such horribly disfiguring scars.” The court found that in either case, defendant’s behavior in committing the crime was exceptionally brutal, indicative of wanton cruelty. The court found the need to protect the public to be “paramount,” and sentenced defendant to an extended term of 10 years’ imprisonment in the Illinois Department of Corrections.

Defendant’s motion to reconsider sentence was denied. Defendant appealed, but the appellate court remanded because counsel had not complied with Supreme Court Rule 604(d). On remand, defendant’s motion to reconsider sentence was again denied. Defendant again appealed, this time raising the argument that her extended-term sentence violated her due process rights, as set forth in the Supreme Court’s opinion in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). The appellate court affirmed, finding that defendant’s guilty plea waived her sentencing challenge. 319 Ill. App. 3d 110. After the appellate court denied defendant’s motion to reconsider, defendant filed a timely petition for leave to appeal with this court. 177 Ill. 2d R. 315(a). We granted leave to appeal.

ANALYSIS

Before this court, defendant’s sole contention is that her extended-term sentence must be vacated because it was imposed in violation of the requirements set out by the Supreme Court in 
Apprendi
. Defendant notes that the extended term was based on a factual finding by the trial court that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty, a finding on which the burden of proof was merely a preponderance of the evidence. See 730 ILCS 5/5–5–3.2(b)(2), 5–8–2(a) (West 1996). She further notes that this fact was not alleged in the indictment. Accordingly, defendant concludes that her sentence was imposed in violation of due process and that the statutory scheme pursuant to which her extended sentence was imposed is itself unconstitutional.

The State responds that the case is moot, because defendant has already been paroled from prison. Alternatively, the State argues that the appellate court was correct in concluding that defendant’s sentencing challenge was waived by her guilty plea. The State contends that if we do reach the merits of defendant’s constitutional challenge, we should uphold her sentence, because (1) the extended-term sentencing statutes are not inconsistent with 
Apprendi
; or (2) even if the statutes are unconstitutional, any error was harmless beyond a reasonable doubt because no jury would have failed to find that defendant’s attack was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. As a final alternative, the State contends that 
Apprendi
 was wrongly decided.

Defendant responds that the case is not moot, because she is on parole and will so remain until June 1, 2002. Moreover, she contends that even if the case were moot, it should be reviewed under the “public interest” exception to the mootness doctrine. She further responds that her guilty plea should not operate as a waiver of her sentencing challenge, because 
Apprendi
 itself concerned a guilty plea and because she was not specifically admonished that by pleading guilty she would waive her right to require the State to prove beyond a reasonable doubt any facts forming the basis for an extended-term sentence. Moreover, she contends waiver is inapplicable where, as here, an argument is based on a contention that the court did not have the power to impose the sentence it did because the statute underlying her sentence is unconstitutional
. She contends that her sentence did violate 
Apprendi
, argues that this error is not subject to harmless error analysis, and finally rejects as irrelevant the State’s argument that 
Apprendi
 was wrongly decided.

To the extent necessary, we shall address these arguments in turn.

I. Mootness

The first question is whether the case is moot. We find it is not. A case becomes moot where the occurrence of events since filing of the appeal makes it impossible for the reviewing court to render effectual relief. 
Berlin v. Sarah Bush Lincoln Health Center
, 179 Ill. 2d 1, 7 (1997). Conversely, an appeal remains viable where a decision “ ‘could have a direct impact on the rights and duties of the parties.’ ” 
Berlin
, 179 Ill. 2d at 8, quoting 
People ex rel. Bernardi v. City of Highland Park
, 121 Ill. 2d 1, 6-7 (1988). In this case, although she has been released from prison, defendant remains on mandatory supervised release. And, as she notes, whether her sentence was 5 or 10 years would affect how long she could be reincarcerated for a violation of the conditions of her release. See 730 ILCS 5/3–3–9(a)(3)(i)(B) (West 1996). See also 
Knell v. Bensinger
, 489 F.2d 1014 (7th Cir. 1973) (complaint seeking restoration of three months’ good time credit not moot even though prisoner on parole and no longer incarcerated). The case is not moot.

II. Waiver

The next question is whether defendant waived her sentencing challenge by pleading guilty to the offense with full knowledge that the court could impose an extended term sentence. After careful consideration, we find that by a guilty plea a criminal defendant does waive 
Apprendi
-based sentencing objections on appeal, as our appellate court has for the most part concluded. See 319 Ill. App. 3d 110; 
People v. Rhoades
, 323 Ill. App. 3d 644 (2001); 
People v. Chandler
, 321 Ill. App. 3d 292 (2001). 
Contra
 
People v. Kidd
, No. 1–00–1492 (February 20, 2002).

Our analysis here must begin with a precise understanding of defendant’s argument. We turn first to 
Apprendi
. There, the Court held that a New Jersey “hate crime” statute ran afoul of the due process clause of the fourteenth amendment (U.S. Const., amend. XIV), because it permitted the trial court to impose an extended term of imprisonment based on a finding by the court, by a preponderance of the evidence, regarding a defendant’s motives. The Court held that due process did not permit such a procedure, based on “constitutional protections of surpassing importance”: a criminal defendant’s “indisputabl[e] entitle[ment] *** to ‘a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.’ ” 
Apprendi
, 530 U.S. at 476-77, 147 L. Ed. 2d at 447, 120 S. Ct. at 2355-56, quoting
 United States v. Gaudin
, 515 U.S. 506, 510, 132 L. Ed. 2d 444, 449, 115 S. Ct. 2310, 2313 (1995). Based on this principle, the Court found that as a component of due process, a criminal defendant is entitled to require the State to prove to a jury, beyond a reasonable doubt, all facts necessary to establish the range of penalties potentially applicable to the defendant.

A clear understanding of
 Apprendi
 explains why defendant’s guilty plea waived her 
Apprendi
-based argument. The underlying lesson of 
Apprendi
 is, “[p]ut simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition ‘elements’ of a separate legal offense.” 
Apprendi
, 530 U.S. at 483 n.10, 147 L. Ed. 2d at 450 n.10, 120 S. Ct. at 2359 n.10. See also 
Apprendi
, 530 U.S. at 492, 147 L. Ed. 2d at 456, 120 S. Ct. at 2363-64 (rejecting as “nothing more than a disagreement with the rule we apply today” the argument that “[t]he required finding of biased purpose is not an ‘element’ of a distinct hate crime offense, but rather the traditional ‘sentencing factor’ of motive”). Every fact necessary to establish the range within which a defendant may be sentenced is an element of the crime and thus falls within the constitutional rights of a jury trial and proof beyond a reasonable doubt, made applicable to the states by the due process clause of the fourteenth amendment. But by pleading guilty, a defendant 
waives exactly those rights
. A knowing relinquishment of the right to a trial by jury is the 
sine qua non
 of a guilty plea. Thus it is clear that 
Apprendi
-based sentencing objections cannot be heard on appeal from a guilty plea.

Defendant complains that she was not explicitly informed that because of the extended-term sentence, the fact that the crime was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty (see 730 ILCS 5/5–5–3.2(b)(2) (West 1996)) was one of the elements of the crime, which she was entitled to require the State to prove to a jury beyond a reasonable doubt. This argument is without merit, because the trial court is not required to apprise a defendant of the elements of the crimes with which he is charged before accepting a guilty plea. See 
People v. Barker
, 83 Ill. 2d 319, 329-30 (1980) (upholding plea of guilty to charge of attempted murder over the defendant’s complaint that he was never informed that an element of the charge was specific intent to kill). All that the defendant need be informed of are: (1) the nature of the charge against him; (2) the maximum and minimum penalties to which he could be subjected; (3) his right to plead not guilty, if he so chooses; and (4) that a guilty plea would operate to waive his rights to a jury trial and to be confronted with the witnesses against him. 177 Ill. 2d Rs. 402(a)(1) through (a)(4). In this case, defendant was informed of the crime of which she stood accused, and knew that the court could impose a sentence of up to 10 years for that crime. With this information in hand, she made the decision to relieve the State of its burden of proving 
any
 element of the crime, by pleading guilty. This is quintessential waiver.

Defendant protests that we should consider her argument because 
Apprendi
 itself concerned an appeal from a sentence imposed after a guilty plea entered pursuant to a plea agreement with the State. See 
Apprendi
, 530 U.S. at 469-70, 147 L. Ed. 2d at 442-43, 120 S. Ct. at 2352. Indeed, defendant argues, the case against waiver is 
more
 compelling here than in 
Apprendi,
 because part of the plea agreement in the instant case was that the State would not seek an extended sentence, whereas in 
Apprendi
 the State explicitly reserved the right to request the court to impose an enhanced sentence. See 
Apprendi
, 530 U.S. at 470,  147 L. Ed. 2d at 443, 120 S. Ct. at 2352.

Defendant’s recitation of the facts of 
Apprendi
 is accurate, as far as it goes. However, it fails to come to grips with the salient feature distinguishing this case from 
Apprendi
. There, at the time that he entered his guilty plea, the defendant “
reserved the right to challenge the hate crime sentence enhancement on the ground that it violates the United States Constitution
.” (Emphasis added.) 
Apprendi
, 530 U.S. at 470, 147 L. Ed. 2d at 443, 120 S. Ct. at 2352. He then did challenge the constitutionality of the hate crime statute in the trial court, after receiving an enhanced sentence pursuant thereto. 
Apprendi
, 530 U.S. at 471, 147 L. Ed. 2d at 443, 120 S. Ct. at 2352. In this case, by contrast, defendant was clearly apprised that the court could impose an extended-term sentence, the agreement between defendant and the State notwithstanding. After indicating her understanding of this possibility, defendant unequivocally and without reservation waived her right to a jury trial at which the State would have been put to its proof beyond a reasonable doubt. She never objected to the statute or this manner of proceeding in any way. The petitioner in 
Apprendi
 preserved his argument; defendant did not.

Defendant further contends that “acceptance of the State’s guilty-plea-as-waiver theory would eviscerate the concept of a knowing waiver.” She bases this argument on the facts that (1) the charging instrument did not mention an extended term or any specific fact which could give rise to an extended term; (2) there was no admission of “exceptionally brutal or heinous behavior, 
etc.
,” in the factual basis for the guilty plea; and (3) the plea agreement precluded the State from proving that defendant was eligible for an extended term. Addressing these arguments in turn, first, as we recently noted (see 
People v. Ford
, No. 90083 (October 18, 2001)), any discussion of the charging instrument in 
Apprendi
 was 
dictum
, as that case specifically disavowed any holding regarding the indictment. See 
Apprendi
, 530 U.S. at 477 n.3, 147 L. Ed. 2d at 447 n.3, 120 S. Ct. at 2355 n.3. Nor did the failure to mention in the charging instrument the possibility of an extended sentence or the factual predicate which might underlie such a sentence “eviscerate” defendant’s knowing waiver, in that the trial court took specific pains to inform defendant of this possibility. 

With respect to defendant’s point regarding the factual basis for the guilty plea,

“the quantum of proof necessary to establish a factual basis for the plea is less than that necessary to sustain a conviction after a full trial. [Citations.] All that is required to appear on the record is a basis from which the judge could reasonably reach the conclusion that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty.” 
Barker
, 83 Ill. 2d at 327-28.

In this case, in reciting the factual basis for the guilty plea, the State mentioned that “defendant, without any justification, cut [the victim] about the head, apparently with a box cutter-type instrument, causing a number of cuts, requiring literally hundreds of stitches to close them.” We believe that these facts, coupled with the photographs of the victim, form a sufficient basis for the trial court to conclude that “the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty” (see 730 ILCS 5/5–5–3.2(b)(2) (West 1996)).

Defendant’s final argument as to how the result we reach would “eviscerate the concept of a knowing waiver” derives from the fact that the plea agreement precluded the State from seeking–and thus, defendant argues, proving the basis for–an extended term. We have already disposed of this issue by our earlier observation that by the guilty plea the State was absolved of its burden of proving any elements of the crime.

Defendant contends that we should reach the merits of her claim notwithstanding waiver, however. She relies on two legal principles. First, defendant notes that this court has previously allowed sentencing challenges on appeal from guilty pleas, where the argument concerned the court’s power to impose the sentence in question. See, 
e.g.
, 
People v. Williams
, 179 Ill. 2d 331, 332-33 (1997). She contends that her 
Apprendi
 challenge fits within this rule. Defendant also notes the rule that a challenge to the constitutionality of a statute may be raised at any time. See, 
e.g.
, 
People v. Wright
, 194 Ill. 2d 1, 23-24 (2000). According to either of these rules, defendant argues, we should reach the merits of her 
Apprendi
 challenge notwithstanding her guilty plea.

We reject these arguments. The first argument is based on the rule that challenges to the court’s power to impose a particular sentence may be raised on appeal from a guilty plea. See 
People v. Wilson
, 181 Ill. 2d 409, 413 (1998); 
People v. Williams
, 179 Ill. 2d 331, 333 (1997); 
People v. Singleton
, 103 Ill. 2d 339, 346 (1984). But defendant’s argument is not truly that the court lacked statutory authority. Such an argument, although it could be raised on appeal, would swiftly be rejected because the statutory scheme clearly did on its face permit the trial court to impose the sentences in question. See 730 ILCS 5/5–5–3.2(b)(2) (permitting court to impose extended term upon finding that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty); 5–8–2(a) (West 1996) (extended term for Class 3 felony is 5 to 10 years’ imprisonment). It simply cannot be said that the trial court imposed sentences for which it lacked statutory authority.

Petitioner also argues that, although the statutory scheme may have permitted the sentence in question, that scheme was unconstitutional. This is the same, she contends, as her sentence having been imposed without any statutory authority, as unconstitutional statutes are void 
ab initio
. But this line of reasoning also falls short, not because of procedural default (see 
People v. Wagener
, 196 Ill. 2d 269, 279 (2001) (constitutionality of a criminal statute may be assailed at any time); 
People v. Wright
, 194 Ill. 2d 1, 23-24 (2000) (same)), but on its merits.

The void 
ab initio
 doctrine only applies to facially unconstitutional statutes. 
People v. Gersch
, 135 Ill. 2d 384,
 399 (1990) (“ ‘When a statute is held unconstitutional 
in its entirety
, it is void 
ab initio
’ ” (emphasis added)
), quoting 
People v. Manuel
, 94 Ill. 2d 242, 244-45 (1983). The statutes involved in this case–sections 5–5–3.2(b)(2) and 5–8–2(a) of the Uniform Code of Corrections (730 ILCS 5/5–5–3.2(b)(2), 5–8–2(a) (West 2000))–are not unconstitutional on their face. A statute is facially unconstitutional only if “ ‘no set of circumstances exists under which the Act would be valid.’ ” 
In re C.E.
, 161 Ill. 2d 200, 210-11 (1994), quoting 
United States v. Salerno
, 481 U.S. 739, 745,  95 L. Ed. 2d 697, 707, 107 S. Ct. 2095, 2100 (1987). This court has already upheld an extended-term sentence imposed pursuant to these statutes. See 
People v. Ford
, No. 90083 (October 18, 2001). Accordingly, the statutory scheme is simply not facially unconstitutional. The exceptions to the waiver rule upon which defendant relies do not excuse the waiver in this case.

Thus defendant cannot characterize her challenge as one which goes to the trial court’s authority to impose the sentence in question, and the sentencing scheme pursuant to which her sentence was imposed is not facially unconstitutional. Accordingly, she is left with what has been the true nature of her challenge all along–that the statutory scheme was unconstitutional as applied to her, 
i.e.
, that she was denied procedural due process. This is the essence of the 
Apprendi
 challenge–a complaint that one or more of the elements of the crime of which the defendant was convicted and for which he was sentenced, were not proven to a jury beyond a reasonable doubt. And for the reasons we previously discussed, it is clear that such a claim cannot be raised on appeal from a guilty plea. An 
Apprendi
 challenge raised in the wake of a guilty plea is an argument that a defendant was deprived of due process when he did not get a jury trial after waiving his right to a jury trial. Simply to state the argument reveals why it cannot be heard. 

The dissent’s view to the contrary notwithstanding, we are not creating a “new set of waiver rules” by holding that by entering a voluntary, knowing guilty plea, a defendant waives the rights to a jury trial and to proof beyond a reasonable doubt.

Also with regard to the dissent, we wish to make clear that we are not today holding that a defendant may only challenge a sentence as beyond the trial court’s authority if the sentencing scheme is unconstitutional on its face. But a defendant’s claim that his sentence exceeded the court’s authority does not mean that it in fact did so. In this case, for the reasons we have discussed, the sentence was not beyond that which the court was authorized by statute to impose. A challenge that the sentence was beyond that authorized by statute is an argument separate and distinct from the claim that the statutes authorizing the punishment were unconstitutional, either on their face or as applied, and we decline to conflate the two arguments into one.

To conclude, defendant did knowingly waive the rights at issue in 
Apprendi
. This is so 
because
 Apprendi
 did not deal with novel constitutional rights. Rather, the Court was concerned with the applicability and reach of the well-established constitutional rights to a jury trial and proof beyond a reasonable doubt, rights which a guilty plea is specifically designed to waive.

Because defendant waived her 
Apprendi
 challenge, we need not reach the merits of this argument, nor need we address the State’s arguments that any 
Apprendi
 error was harmless, or that 
Apprendi
 was wrongly decided.

CONCLUSION

For the reasons above stated, we affirm the judgment of the appellate court, which affirmed the judgment of the circuit court.

Affirmed.

CHIEF JUSTICE HARRISON, dissenting:

During the pendency of this appeal, our appellate court has had numerous opportunities to consider the validity of Illinois’ extended-term sentencing provisions in light of the United States Supreme Court’s decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Those opinions have declared the law unconstitutional under 
Apprendi
 because it increases the penalty range for an offense beyond the maximum permitted by statute without requiring the State to prove the requisite aggravating factor beyond a reasonable doubt and without affording the defendant the right to have the existence of the aggravating factor determined by a jury.
(footnote: 1) See 
People v. Bryant
, 325 Ill. App. 3d 448, 457 (2001); 
People v. Swift
, 322 Ill. App. 3d 127, 130 (2001); 
People v. Lucas
, 321 Ill. App. 3d 49, 53-54 (2001); 
People v. Chanthaloth
, 318 Ill. App. 3d 806, 816 (2001).

This case falls squarely within the 
Apprendi
 rule. Jackson’s extended-term sentence was imposed in accordance with a sentencing procedure which did not require the State to prove the existence of the aggravating factor beyond a reasonable doubt and did not afford Jackson the right to have the existence of the aggravating factor decided by a jury. Under 
Apprendi
, the extended-term portion of her sentence therefore violates due process and cannot stand.

Our court has recently concluded that no 
Apprendi
 violation occurs when a defendant who has been found guilty of first degree murder and is eligible for the death penalty receives an extended term of imprisonment rather than death (
People v. Ford
, 198 Ill. 2d 68, 73-75 (2001)), but those circumstances are not present in this case. Jackson did not commit murder, she was not death eligible, and her sentence was clearly in excess of the normal statutory maximum.

Although 
Apprendi
 was not decided until after Jackson was convicted and sentenced, she is not foreclosed from availing herself of that decision. In 
Ford
, 198 Ill. 2d at 72-73, we specifically held that because 
Apprendi
 announced a new constitutional rule applicable to criminal cases, it applies to all cases pending on direct review at the time the new constitutional rule was declared. This is such a case.

The majority’s assertion that Jackson waived her right to challenge the extended-term portion of her sentence when she pleaded guilty is contrary to settled principles of law. In Illinois, a statute found to be unconstitutional is considered void 
ab initio
. It is as if the law never existed. 
People v. Gersch
, 135 Ill. 2d 384, 399 (1990). That being so, there was no statutory authority for the extended-term portion of Jackson’s sentence. Where, as here, a sentence is void because it was beyond the trial court’s statutory authority to impose, the sentence may be corrected at any time. 
People v. Arna
, 168 Ill. 2d 107, 113 (1995). A defendant is not foreclosed from challenging it because he or she has pleaded guilty. Indeed, under Illinois law, a defendant challenging his sentence as void may not only do so despite having pleaded guilty. He may do so without first moving for withdrawal of the plea as would normally be required. 
People v. Wagener
, 196 Ill. 2d 269, 280 (2001); 
People v. Wilson
, 181 Ill. 2d 409, 413 (1998);
 People v. Williams
, 179 Ill. 2d 331, 333 (1997).

The majority’s attempt to avoid these principles on the theory that they are limited to situations where a sentencing scheme is declared unconstitutional on its face is untenable. Our court specifically rejected that theory when it was advanced by the State in 
People v. Wagener
, 196 Ill. 2d at 279-80, decided just nine months ago.

The court’s sudden turnabout is inexplicable. It is also unsound. For purposes of applying waiver rules, there is no principled basis for granting relief where a sentencing statute is facially invalid, but denying relief where it is unconstitutional as applied. In either case, the defendant is suffering from an invalid sentence which the constitution prohibits the state from imposing.

I note, moreover, that while the extended-term sentencing scheme contained in sections 5–5–3.2(b)(2) and 5–8–2(a) of the Uniform Code of Corrections may not be invalid in all its applications, it is nearly so. Aside from capital murder cases where the defendant has been found death eligible (
Ford
, 198 Ill. 2d 68), there is no set of circumstances in which the statutory scheme challenged here can pass constitutional muster under 
Apprendi
. Accordingly, this is a singularly inappropriate case to create a new set of waiver rules.

The majority’s approach is flawed for another reason as well. In holding that a sentencing scheme must be incapable of any valid application before waiver rules will be relaxed, the majority overlooks an entire line of cases dealing with sentences that are not unconstitutional, but are invalid because they are not authorized by statute. In those cases, the reason the sentence is invalid is not because of any inherent deficiency in the sentencing statute. It is because the sentencing statute did not permit the disposition ordered by the trial court under the particular facts present in that case. See, 
e.g.
, 
People v. Arna
, 168 Ill. 2d 107 (1995) (order imposing concurrent terms was void where the statutory requirements for mandatory consecutive sentences were established at trial).

To hold that a sentence is void because it is not authorized by statute under the facts of the case is no different, analytically, from holding that is void because it is unconstitutional as applied. In the former situation, we allow the defendant to protest his sentence even where he has pleaded guilty and has not first moved to have his guilty plea withdrawn. 
Williams
, 179 Ill. 2d at 333; 
Wilson
, 181 Ill. 2d at 413 (challenge to a trial court’s statutory authority to impose a particular sentence not waived when a defendant fails to withdraw his guilty plea and vacate the judgment). Reason and justice dictate the same outcome in the latter situation, where the sentence is invalid because it is unconstitutional as applied. Accordingly, a defendant’s plea of guilty should not result in a waiver of his right to have the sentence vacated based on 
Apprendi
.

It is no answer to say, as the majority does, that under the governing statutes, the circuit court had the power to impose an extended term when the defendant in this case was sentenced. The circuit court had no such power. The statutory extended-term sentencing scheme was just as invalid at the time of sentencing as it was when the United States Supreme Court announced its decision in 
Apprendi
. Under the reasoning of 
Apprendi
, the circuit court never had the power to increase the sentence beyond the maximum permitted by statute without requiring the State to prove the requisite aggravating factor beyond a reasonable doubt and without affording the defendant the right to have the existence of the aggravating factor determined by a jury. Due process prohibited it.

The majority’s argument would make sense only if 
Apprendi 
were limited in its application to sentencing proceedings conducted after the decision was announced. The United States Supreme Court, however, has imposed no such limitation. To the contrary, in 
Apprendi 
itself the Court applied the new rule retroactively to invalidate a sentence imposed before the rule was announced. Furthermore, as noted earlier in this dissent, this court specifically held in 
Ford
, 198 Ill. 2d at 72-73, that the decision in 
Apprendi
 applies retroactively to all cases which were still pending on direct review, as this one was, when the decision was issued.

I must also take issue with the majority’s assertion that “
Apprendi
 did not deal with novel constitutional rights.” Slip op. at 13. While the basis for the 
Apprendi
 rule–the due process clause and the right to trial by jury–are scarcely novel, the way in which those constitutional guarantees were interpreted and applied in that case is. At least four members of the United States Supreme Court have characterized the decision as announcing “what will surely be remembered as a watershed change in constitutional law.” 
Apprendi
, 530 U.S. at 524, 147 L. Ed. 2d at 475, 120 S. Ct. at 2380 (O’Connor, J., dissenting, joined by Rehnquist, C.J., Kennedy and Breyer, JJ.).

When the defendant in this case pleaded guilty, neither she nor the trial court knew that this watershed change would be implemented by the United States Supreme Court. That being so, the defendant could not possibly have made a knowing and intelligent waiver of her constitutional rights as 
Apprendi
 defined them. To hold otherwise, as my colleagues do today, makes the concept of knowing and intelligent waiver farcical.

The majority attempts to justify its position by relying on appellate court decisions in 
People v. Rhoades
, 323 Ill. App. 3d 644 (2001), and 
People v. Chandler
, 321 Ill. App. 3d 292 (2001), but those cases offer scant support. 
Chandler
 involved consecutive sentences to which 
Apprendi
 is inapplicable (
People v. Wagener
, 196 Ill. 2d 269 (2001)), while 
Rhoades
 is based on the same appellate decision from which the defendant in this case was granted leave to appeal.

I note, moreover, that the appellate court has not spoken with a single voice on this matter. 
People v. Kidd
, No. 1–00–1492 (February 20, 2002), decided after 
Chandler 
and 
Rhoades
, reached a contrary conclusion. It correctly held that a defendant’s plea of guilty did not waive his right to raise an 
Apprendi
 challenge to his extended-term sentence where, as in the case before us today, the element used to enhance his sentence was never charged in the indictment.

Finally, we must not overlook that regardless of whether the technical requirements for waiver are present, the ultimate decision as to whether a criminal defendant should be permitted to press his claim for relief is a matter for this court’s discretion. As we have often repeated, waiver is a limitation on the parties, not on the court. The waiver rule is one of administrative convenience rather than jurisdiction, and considerations of waiver may be overridden when necessary to obtain a just result and maintain a sound body of precedent. 
People v. Farmer
, 165 Ill. 2d 194, 200 (1995).

In considering whether waiver rules should be relaxed, the importance of the rights at issue is a critical factor. Few rights are as more worthy of consideration than those present here. At stake are constitutional protections which the United States Supreme Court has characterized as being “of surpassing importance.” 
Apprendi
, 530 U.S. at 476, 147 L. Ed. 2d at 447, 120 S. Ct. at 2355. To turn Jackson’s claims aside based on waiver denigrates these core values and elevates technical formalities above basic justice.

No less than the procedure challenged in 
Apprendi
, the extended-term sentencing provisions under which Jackson was sentenced constitute “an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system.” 
Apprendi
, 530 U.S. at 497, 147 L. Ed. 2d at 459, 120 S. Ct. at 2366. Under these circumstances, and for all of the foregoing reasons, I would hold that Jackson’s challenge to her extended-term sentence was not barred by her decision to plead guilty and is meritorious. Accordingly, I would reverse the judgments of the circuit and appellate courts and vacate the extended-term portion of Jackson’s sentence. I therefore dissent.

JUSTICE KILBRIDE joins in this dissent.

FOOTNOTES
1:     
1
Section 5–8–2(a) was amended by Public Act 91–953, §10, which took effect February 23, 2001, to specify that the aggravating factors necessary to support enhanced sentences must now be found by the trier of fact beyond a reasonable doubt.