NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 180315-U

NO. 4-18-0315

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 21, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| TAMARUS ALVIN YOUNG, | ) | No. 15CF1225 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul G. Lawrence, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court did not abuse its discretion when resentencing defendant to four years' imprisonment for domestic battery.

¶ 2    In January 2016, defendant, Tamarus Alvin Young, pleaded guilty to domestic battery, and the trial court sentenced him to 30 months' probation. The court later revoked defendant's probation and resentenced him to four years in prison.

¶ 3    Defendant appeals, arguing the trial court abused its discretion when it resentenced him to four years' imprisonment rather than returning him to probation. For the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5         On October 28, 2015, a grand jury indicted defendant with two counts of domestic battery, with prior aggravated and domestic battery convictions, alleging physical contact of an insulting or provoking nature (counts I and II) (720 ILCS 5/12-3.2(a)(2) (West 2014)).

¶ 6         On January 7, 2016, defendant entered a fully negotiated plea of guilty to count I in exchange for a sentence of 30 months' probation and the State dismissing count II. During the plea hearing, the State presented its factual basis, asserting if the matter proceeded to trial, it would present evidence showing defendant made unwanted contact with Markia Goldman, his adult niece, by pushing her and causing her to fall to the ground. After finding the factual basis sufficient, the trial court accepted defendant's guilty plea.

¶ 7         On April 14, 2016, the State filed a petition to revoke defendant's probation, alleging defendant violated his probation by committing aggravated battery in McLean County case No. 16-CF-395. Following a bench trial in June 2016, the trial court found defendant not guilty and the allegations in the State's petition to revoke probation unproven.

¶ 8         On January 18, 2017, the State filed a second petition to revoke defendant's probation, alleging defendant violated his probation after he was charged with domestic battery in McLean County case No. 17-CF-43.

¶ 9         On August 24, 2017, defendant admitted violating his probation and pleaded guilty to domestic battery in McLean County case No. 17-CF-43. In October 2017, the trial court resentenced defendant to 30 months' drug court probation.

¶ 10         On January 17, 2018, the State filed a third petition to revoke defendant's probation, alleging defendant violated his probation, after he (1) "tested positive for alcohol on January 13, 2018," and (2) "failed to complete sanctioned 10 hours community service." On

February 15, 2018, defendant appeared in court and admitted the allegations in the State's petition.

¶ 11        On April 3, 2018, the matter proceeded to a resentencing hearing. The trial court noted it received a presentence investigation report (PSI) filed on March 28, 2018. The PSI indicated defendant was 40 years old and contained the following information regarding defendant's criminal history and conduct while on probation:

"[Defendant's] criminal history consists of: seven (7) felony offenses, two (2) Aggravated DUI felony offenses, one (1) DUI offense, nine (9) misdemeanor offenses, two (2) traffic offenses, and one (1) juvenile adjudication.

[Defendant] continues to struggle with alcohol issues as evidence[d] by his positive drug screens for alcohol and signed admission of use forms while on Probation and enrolled in substance abuse treatment. He has had the vast majority of urine screens negative for illicit drug use. The Defendant has been sanctioned eleven (11) times since being placed on Drug Court in October 2017. [Defendant] has been unemployed and has had unstable residence while on Probation."

¶ 12        In aggravation, the State called several witnesses, including Matthew Searby, a drug court coordinator employed by the McLean County adult probation office. Searby stated he maintained weekly contact with defendant while defendant was on drug court probation. Searby testified "[defendant] had a violation or more each week, excluding one week in December" and elaborated those violations "mainly consisted of alcohol use, or missed drug screens, or missed meetings." On cross-examination, Searby indicated it was not unusual for people at the beginning of the drug court program to have "dirty drops." However, Searby was unable to say whether weekly violations were considered common.

¶ 13          Defendant presented no evidence in mitigation. However, defendant exercised his right to make a statement in allocution and accepted responsibility for the sanctions he received while on probation. In addition, defendant requested further drug court probation, stating, "Yes, I made a mistake. Give me a chance, don't just give up on me. Give me the proper help that I do need. Send me to Chestnut."

¶ 14          The State requested five years' imprisonment, arguing defendant's criminal history showed he was a violent person and not suited for drug court probation. Defense counsel requested defendant be sent back to drug court probation and argued the State's "hyper-technical" allegations were attempts to "wash him out of the program."

¶ 15          Ultimately, the trial court revoked defendant's probation and resentenced him to two concurrent four-year prison terms in McLean County case Nos. 15-CF-1225 and 17-CF-43. Before pronouncing sentence, the court stated it considered the (1) PSI, (2) witness testimony, (3) defendant's statement in allocution, and (4) statutory factors in mitigation and aggravation. In mitigation, the court noted defendant's "very difficult upbringing, [and] family life." The court also considered the effects of defendant's imprisonment on his children, defendant's history of drug and alcohol abuse, and recognized defendant showed appropriate remorse. The court identified defendant's age, poor job history, and criminal history as factors in aggravation. The court noted defendant previously served three prison sentences for aggravated and domestic battery-related charges and failed to comply with the requirements of a previous term of intensive probation, eventually resulting in revocation. The court also noted "[defendant] never did complete the domestic violence treatment that was ordered in this 15-CF-1225 case" and stated defendant's failure to show up and participate in the program indicated "a bigger problem other than the dirty drops."

¶ 16         On April 4, 2018, defendant filed a motion to reconsider the sentence, arguing the sentence was excessive based on the evidence presented to the trial court and the court's revocation of his drug court probation was a denial of fundamental fairness. At a hearing on April 30, 2018, the court denied defendant's motion to reconsider.

¶ 17         This appeal followed.

¶ 18         II. ANALYSIS

¶ 19         On appeal, defendant argues the trial court abused its discretion when it resentenced him to four years' imprisonment instead of returning him to drug court probation. Defendant requests we vacate his sentence and remand the cause for a new resentencing hearing. The State responds, asserting defendant's case is moot as defendant completed his term of imprisonment, making it impossible for him to now be sentenced to treatment as an alternative to prison.

¶ 20         A. Mootness

¶ 21         Defendant contends, citing *People v. Jackson*, 199 Ill. 2d 286, 769 N.E.2d 21 (2002), the issue relating to his sentence is not moot because this court could grant him effectual relief, as he is still serving his MSR term and the vacatur of his sentence followed by a proper resentencing hearing could result in a sentence of drug court probation.

¶ 22         As a general rule, Illinois courts will not consider moot issues. *In re Christopher K.*, 217 Ill. 2d 348, 359, 841 N.E.2d 945, 952 (2005). "An issue on appeal becomes moot where events occurring after the filing of the appeal render it impossible for the reviewing court to grant effectual relief to the complaining party." (Internal quotation marks omitted.) *Id.* at 358-59.

¶ 23         In *Jackson*, 199 Ill. 2d at 292-93, the defendant requested the supreme court to vacate his extended-term sentence as it was imposed in violation of the requirements set out in

*Apprendi v. New Jersey*, 530 U.S. 466 (2000). The supreme court first considered whether the issue was moot as the defendant had been released from prison. *Jackson*, 199 Ill. 2d at 294. The court found, because the defendant was still serving an MSR term, the vacatur of the extended-term sentence would affect how long the defendant could be reimprisoned for a violation of MSR. *Id.* (citing 730 ILCS 5/3-3-9(a)(3)(i)(B) (West 1996)). Therefore, the supreme court found the issue was not moot. *Id.*

¶ 24        It is undisputed defendant has been released from prison and is serving his MSR term. The website for the Department of Corrections indicates defendant served one year of his concurrent four-year sentences due to reductions for good conduct and sentence credit. See Young, Tamarus, Illinois Department of Corrections: Offender Search, https://www.illinois.gov/IDOC/Offender/Pages/InmateSearch.aspx (search "IDOC#"; enter "B62406") (last visited Aug. 25, 2020). Defendant was discharged from his prison sentence on April 11, 2019, and has since been serving his MSR term with an April 11, 2023, discharge date. Because the vacatur of defendant's sentence followed by a new resentencing hearing free from the alleged error could result in a reduced sentence, drug court probation, we find the issue relating to his sentence is not moot.

¶ 25                         B. Sentencing Decision

¶ 26        The trial court has discretion when sentencing, and we will not reverse the court's decision absent an abuse of that discretion. *People v. Snyder*, 2011 IL 111382, ¶ 36, 959 N.E.2d 656. The court is granted such discretion in sentencing because "the trial court is in a better position to judge the credibility of the witnesses and the weight of the evidence at the sentencing hearing." *People v. Ramos*, 353 Ill. App. 3d 133, 137, 817 N.E.2d 1110, 1115 (2004). The trial court errs where the sentence is "greatly at variance with the spirit and purpose of the law, or

manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000). We presume the sentencing court considered all relevant factors in aggravation and mitigation unless the record affirmatively reveals otherwise. *People v. Chirchirillo*, 393 Ill. App. 3d 916, 927, 913 N.E.2d 635, 645 (2009). When determining what constitutes an appropriate sentence, the court considers "a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment." *People v. Hernandez*, 319 Ill. App. 3d 520, 529, 745 N.E.2d 673, 681 (2001).

¶ 27        Domestic battery is a Class 4 felony, which carries a non-extended term sentencing range of one to three years in prison and an extended sentencing range of three to six years in prison. 720 ILCS 5/12-3.2(a)(2), (b) (West 2014) (classifying domestic battery as a Class 4 felony if the defendant has any prior convictions for aggravated or domestic battery); 730 ILCS 5/5-4.5-45(a), 5-5-3.2(a) (West 2014). Defendant's prior felony convictions made him eligible for extended-term sentencing. At the sentencing hearing, the trial court considered (1) defendant's PSI, (2) the testimony presented at the sentencing hearing, (3) defendant's statement in allocution, and (4) the statutory factors in aggravation and mitigation. When facing sentencing, defendant had convictions for "seven (7) felony offenses, two (2) Aggravated DUI felony offenses, one (1) DUI offense, nine (9) misdemeanor offenses, two (2) traffic offenses, and one (1) juvenile adjudication." The court noted defendant previously served three prison sentences for aggravated and domestic battery-related charges and failed to comply with the requirements of a previous term of intensive probation, eventually resulting in revocation. Although the court originally sentenced defendant to 30 months' drug court probation, defendant violated his probation on two separate occasions. Given his criminal history, the court expressed

concern regarding the likelihood defendant would comply with another period of probation. Ultimately, the court resentenced defendant to an extended term of four years in prison. Defendant's four-year sentence fell within statutory limits, and nothing in the record indicates the court considered improper factors in sentencing defendant.

¶ 28    Finally, defendant possessed no right to another sentence to drug court. Drug court merely constituted an option available to the trial court. Here, the court properly considered the relevant factors and reached a decision supported by the record. Thus, we conclude the court did not abuse its discretion in sentencing defendant.

¶ 29                           III. CONCLUSION

¶ 30    For the reasons stated, we affirm the trial court's judgment.

¶ 31    Affirmed.