THIRD DIVISION

                                    Date Filed: June 28, 2002

No. 1-00-0287

THE PEOPLE OF THE STATE OF ILLINOIS,   ) Appeal from the

                                       ) Circuit Court of

           Plaintiff-Appellee,         ) Cook County.

                                       )

           v.                          ) No. 94 CR 7911

                                       )

GREGORY FIELDS,                        ) Honorable

                                       ) Lon Shultz,

           Defendant-Appellant.        ) Judge Presiding.

MODIFIED OPINION UPON DENIAL OF REHEARING

     

     PRESIDING JUSTICE HALL delivered the opinion of the court:

     The defendant, Gregory Fields, appeals from an order of the circuit court of Cook County dismissing his petition for relief pursuant to the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 
et
 
seq
. (West 1998)).  The circuit court dismissed the petition as frivolous and patently without merit.

     The defendant appeals the dismissal of his petition, raising the following issues: (1) whether the petition set forth sufficient facts upon which to base a meritorious claim of ineffective assistance of counsel; (2) whether the defendant's extended-term sentence is unconstitutional under 
the United States Supreme Court's decision in 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000); and (3) whether the provision of the Act permitting the summary dismissal of the defendant's petition is unconstitutional since it was enacted in violation of the single subject rule.

Procedural History

     The defendant was indicted and charged with three counts of first degree murder and one count each of armed robbery, conspiracy to commit first degree murder and residential burglary.

     Following a fitness hearing on March 26, 1996, Judge Schultz found the defendant unfit to stand trial.  In his March 6, 1996, report to the trial court, Dr. Albert H. Stipes stated that the defendant had marginal contact with reality, showed evidence of a severe depressed mood, suffered from auditory hallucinations and was suicidal.  At the defendant's fitness hearing, Dr. Stipes testified that the defendant was receiving Tegritol and Dilantin for epilepsy and Haldol, a psychotropic medication, for his psychiatric condition.  The defendant was remanded to the Elgin Mental Health Center, where he was diagnosed with a schizoaffective disorder with depressed features. 

     On June 13, 1996, the staff at Elgin reported that the defendant had been restored to fitness.  In the report prepared by the Elgin staff, Dr. Carreria diagnosed the defendant as malingering and suffering from polysubstance abuse and an anti-social personality disorder.  

     On July 3, 1996, a second fitness hearing was held.  After reviewing his previous reports, the reports from Elgin and interviewing the defendant, Dr. Stipes concluded that the defendant was currently fit for trial and needed no medication.  Judge Schultz found the defendant fit to stand trial.

     On October 16 and 23, 1996, Judge Brady conducted a hearing on the defendant's motion to suppress his confession.  The defendant maintained that his confession was not voluntary because he was suffering from an overdose of asthma medication and that police refused to provide him with medical treatment until he confessed.  Judge Brady denied the motion to suppress.

     On January 29, 1997, the defendant pleaded guilty to first degree murder, conspiracy to commit murder, armed robbery and residential burglary.  Judge Brady denied the State's request to find the defendant eligible for the death penalty.  Judge Brady then sentenced the defendant to an extended term of 75 years' imprisonment in the Department of Corrections.  Judge Brady admonished the defendant that he had 30 days within which to withdraw his guilty plea.

     On September 2, 1999, the defendant filed a motion to withdraw his guilty plea and vacate his sentence.  The defendant alleged that his guilty plea was not voluntary because he was ingesting psychotropic medication at the time he pleaded guilty and could not understand the proceedings.  The defendant further alleged that his attorney was aware that he was heavily medicated and could not assist with his defense but still allowed him to plead guilty.  Finally, the defendant alleged that he had received ineffective assistance of counsel because his attorney failed to present any evidence to the trial court concerning his psychiatric condition and failed to advise the court that the defendant was taking psychotropic medication during the trial proceedings and his guilty plea.  

     While noting that the motion was untimely filed and did not comply with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)), Judge Schultz reviewed the merits of the motion and denied it.  The defendant did not appeal from the denial of his motion to withdraw his guilty plea.

     On November 22, 1999, the defendant filed a 
pro
 
se
 postconviction petition.  In his petition, the defendant alleged that his trial counsel coerced him into pleading guilty and that he was heavily medicated at the time of the plea.  Judge Schultz dismissed the petition as frivolous and patently without merit.  The defendant then filed this timely appeal.

ANALYSIS

I.  Whether the Defendant Set Forth the Gist of a Claim

of Ineffective Assistance of Counsel

A.  Standard of Review

     We review the dismissal of a postconviction petition 
de
 
novo
.  
People v. Coleman
, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063, 1075 (1998).

B.  Discussion

     The Illinois Post-Conviction Hearing Act provides a remedy for defendants who have suffered a substantial violation of their constitutional rights at trial.  
People v. Edwards
, 197 Ill. 2d
 
239, 243-44, 757 N.E.2d 442, 445 (2001).  A postconviction petition is considered frivolous or patently without merit and subject to dismissal by the circuit court only if the allegations in the petition, taken as true and liberally construed, fail to present the "'gist of a constitutional claim.' [Citation.]"  
Edwards
, 197 Ill. App. 3d at 244, 757 N.E.2d at 445.  In 
Edwards
, our supreme court noted that under that standard, a postconviction petition "'need only present a limited amount of
 
detail' [citation] and hence need not set forth the claim in its entirety" or "include 'legal arguments or [citations] to legal authority.' [Citation.]" 
Edwards
, 197 Ill. 2d at 244, 757 N.E.2d at 445.  Finally, in 
Edwards
, the court declined to adopt the "sufficient facts" test, utilized in previous appellate court decisions.   
Edwards
, 197 Ill. 2d at 245, 757 N.E.2d at 446.

     A postconviction action is not an appeal from an underlying
 judgment.  Rather, it is a collateral attack on a prior conviction and sentence.  
People v. Towns
, 182 Ill. 2d 491, 502, 696 N.E.2d 1128, 1133 (1998).  The purpose of a postconviction proceeding is to allow inquiry into constitutional issues involved in the original conviction and sentence that have not been and could not have been adjudicated previously on direct appeal.  
Towns
, 182 Ill. 2d at 502, 696 N.E.2d at 1133-34.  Issues that were raised and decided on direct appeal are barred by the doctrine of 
res
 
judicata
; issues that could have been presented on direct appeal, but were not, are waived.  
Towns
, 182 Ill. 2d at 502-03, 696 N.E.2d at 1134.  Any claim of substantial denial of constituti
onal rights not raised in the original or amended petition is waived.  
People v. Davis
, 156 Ill. 2d 149, 158, 619
 
N.E.2d 750, 755 (1993).  Where fundamental fairness so requires, however, strict adherence to the rule of waiver may be avoided.
  
Davis
, 156 Ill. 2d at 158, 619 N.E.2d at 755.

     The State contends that the defendant has waived his right to postconviction relief because he could have raised his ineffectiveness of counsel argument on direct appeal.  

     In his postconviction petition, the defendant alleged, 
inter
 
alia
, that he was forced to lie in pretrial proceedings and that his defense counsel coerced him into plea bargaining while he was on prescribed heavy doses of psychotropic medication.

     At the time that the defendant filed his motion to withdraw his guilty plea, the records from the Cermak Health Services of Cook County which detail the medications prescribed for the defendant up to the date of his guilty plea were not part of the record.  Therefore, we disagree with the State that the defendant could have raised the issue on direct appeal.  See 
Towns
, 182 Ill. 2d at 523, 696 N.E.2d at 1143 (the defendant could not raise defense counsel's ineffectiveness at sentencing because the claim was based upon additional mitigating evidence not part of the record on his direct appeal).

     To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) counsel's performance was so seriously deficient as to fall below an objective standard of reasonableness under the prevailing professional norms, and (2) the deficient performance so prejudiced the defendant as to deny him a fair trial.  
People v. Steppan
, 322 Ill. App. 3d 620, 628, 751 N.E.2d 32, 38 (2001).  The defendant must establish both prongs of the test in order for the court to find the ineffective assistance of counsel.  
Steppan
, 322 Ill. App. 3d at 630, 751 N.E.2d at 41.

     The defendant contends that his counsel was ineffective because she failed to inform the trial court at the second fitness hearing that the defendant was suffering from a mental disorder, specifically, that he was experiencing auditory hallucinations and depression and that he was prescribed and was taking Haldol, a psychotropic medication.  He argues that had his defense counsel investigated the Cermak Health Service records of his treatment, she might have chosen to call his treating physicians to contradict Dr. Stipes' testimony or request another fitness hearing.  

     In Illinois, a defendant is presumed fit to stand trial, to plead and be sentenced.  A defendant is unfit if, because of his mental or physical condition, he is unable to understand the nature and the purpose of the proceedings against him or to assist in his defense.  725 ILCS 5/104-10 (West 1996).  The fact that a defendant is receiving psychotropic medication does not, by itself, raise a 
bona
 
fide
 doubt as to his fitness.  
Steppan
, 322 Ill. App. 3d at 628, 751 N.E.2d at 38-39.

     A defendant may be competent to participate at trial even though his mind is otherwise unsound.  
People v. Damico
, 309 Ill. App. 3d 203, 210, 722 N.E.2d 194, 201 (1999).  Fitness speaks only to a person's ability to function within the context of a trial; it does not refer to competence in other areas.  
Damico
, 309 Ill. App. 3d at 210, 722 N.E.2d at 201.  No single factor in and of itself raises a 
bona
 
fide
 doubt of a defendant's fitness to stand trial; the fact that the defendant suffers a mental disturbance or requires psychiatric treatment does not necessarily raise a 
bona
 
fide
 doubt.  
Damico
, 309 Ill. App. 3d at 210, 722 N.E.2d at 201.

     The facts that the defendant was being housed in the residential treatment unit (RTU) of the jail, that he was suffering from auditory hallucinations and that he was receiving Haldol do not raise a 
bona
 
fide
 doubt as to his fitness to stand trial.  In the June 13, 1996, fitness evaluation, which was prepared by Dr. Carreira and the Elgin staff, the defendant was diagnosed as malingering as well as suffering from polysubstance abuse and an anti-social personality disorder.  As to the issue of fitness, the report stated as follows:

"Mr. Fields demonstrates his ability to understand the fundamentals of fitness when he discusses possible outcomes in his case, knows his charges and can give an account of circumstances surrounding his arrest.  He understands the role functions of the court officers and is satisfied with his public defender.  He is capable of cooperating with counsel if motivated.  His response to treatment and current level of functioning indicate[] that he is 
FIT TO STAND TRIAL
."
(footnote: 1)
     The cases relied on by the defendant are factually distinguishable.  In 
People v. Howard
, 74 Ill. App. 3d 138, 392 N.E.2d 775 (1979), the defendant was found fit to stand trial based upon the report of the court-appointed psychiatrist who was not aware of the defendant's psychiatric history.  After the defendant was convicted, the probation officer obtained the defendant's hospitalization records, which contradicted the findings in the court-appointed psychiatrist's report.  The reviewing court concluded that, had these records been available, the outcome of the fitness hearing might have been different, and given that the defendant had mentioned a prior commitment at her fitness hearing and that the records were readily discoverable by the probation officer, defense counsel's failure to discover and present the defendant's psychiatric records was ineffective assistance of counsel.  

     In 
People v. Murphy
, 160 Ill. App. 3d 781, 513 N.E.2d 904 (1987), the defendant alleged that defense counsel was ineffective for failing to investigate his mental condition or to obtain records of his prior hospitalizations for mental problems.  The defendant maintained that the fact that he was housed in the RTU should have put defense counsel on notice that he was suffering potentially serious mental problems. 

     The reviewing court held that the defendant had received ineffective assistance of counsel, since the defense counsel acknowledged to the trial court that he thought it important that the defendant was housed in the RTU and that he had difficulty communicating with the defendant.  Such information required that defense counsel investigate the nature of the defendant's problems and, if warranted, investigate his psychiatric history.  However, the court refused to hold that the defendant's assignment to the RTU, by itself, imposed a duty to investigate the defendant's psychiatric history.  
Murphy
, 160 Ill. App. 3d at 790, 513 N.E.2d at 910.

     In the present case, therefore, the fact that the defendant was housed in the RTU did not require defense counsel to investigate the reasons the defendant was assigned to that unit.  The defendant had just been examined and declared fit for trial.  The defendant had also been characterized as a "malingerer."  Even if defense counsel was aware that the defendant was still taking Haldol and was experiencing hallucinations, the defendant's ability to testify on his own behalf at the motion to suppress his confession and his behavior during the guilty plea proceedings belied any indication that either the medication or the hallucinations were causing him to be unfit.

     We conclude that defense counsel in this case was not ineffective for failing to investigate the defendant's psychiatric records after he was released from Elgin.  Unlike both 
Murphy
 and 
Howard
, having access to the Cermak Health Services' records of the defendant's treatment would not have changed the outcome of the fitness hearing or prompted a third fitness hearing, as no 
bona
 
fide
 doubt existed as to the defendant's fitness to stand trial in this case.                  

     We conclude that the defendant has failed to set forth the gist of a constitutional claim of ineffective assistance of counsel.

     Moreover, our supreme court has consistently upheld the dismissal of a postconviction petition when the record from the original trial proceedings contradicts the defendant's allegations.  
People v. Rogers
, 197 Ill. 2d 216, 222, 756 N.E.2d 831, 834 (2001).  In this case, following the determination that he was restored to fitness, the defendant testified on his own behalf on his motion to suppress his confession and participated in the guilty plea proceedings in this case.  He never exhibited any irrational behavior or in any way indicated that he did not understand the proceedings.  He specifically denied that any one had threatened him in order to force him to plead guilty.  

     The record in this case contradicts the defendant's allegations that he was heavily medicated at the time of his
 
guilty plea and that his attorney coerced him into pleading guilty. 

     Finally, section 122-2 of the Act requires that the defendant attach affidavits, records or other evidence supporting the allegations of his postconviction petition to the petition or state why they are not attached.  725 ILCS 5/122-2 (West 1998).
  
This requirement is not satisfied by the defendant's verification of the petition itself.  
People v. Collins
 No. 90679, slip op. at 6 (March 15, 2002) (
petition
 
for
 
rehearing
 
pending
).  Where a defendant's petition is not supported by affidavits, records or other evidence, and no explanation is offered for the absence of such documentation, summary dismissal of the postconviction petition is justified.  
Collins
, slip op. at 5.  

     In his postconviction petition, the defendant alleged that certain witnesses would testify in support of his claims that he was suffering from mental health problems and as a result was easily coerced into committing perjury and that his attorney forced him to plea bargain.
(footnote: 2)  He also refers to a letter in the possession of one of the witnesses that his attorney refused to show to the trial court.  However, the defendant failed to attach any affidavits from these witnesses or explain why the witnesses'
 
affidavits are not attached to the postconviction petition.  The defendant also failed to attach a copy of the letter he referred to or explain why a copy of the letter was not attached to the petition.

     Since the record in this case refutes the allegations of the defendant's postconviction petition, and the defendant failed to support his petition with affidavits, records or other evidence or explain their absence, summary dismissal of his petition is proper.  

     For all the foregoing reasons, we conclude that Judge Schultz did not err in dismissing the defendant's postconviction petition as frivolous and without merit
.

II.  Whether the Defendant's Extended-term Sentence is 

Unconstitutional Under 
Apprendi

A.  Standard of Review

     The court reviews the constitutionality of a statute 
de
 
novo
.  
People v. Givens
, 319 Ill. App. 3d 910, 912, 747 N.E.2d 436, 438 (2001).  

B.  Discussion

     At the outset and despite the State's lengthy argument to the contrary, we elect not to abandon or reconsider our position that 
Apprendi
 applies to a defendant's initial and timely filed postconviction proceeding.  See 
People v. Beachem
, 317 Ill. App. 3d 693, 740 N.E.2d 389 (2000).  We note that the second division of this court has reached the opposite conclusion. 
People v. Stewart
, 326 Ill. App. 3d 933, 726 N.E.2d 604 (2001); 
People v. Kizer
, 318 Ill. App. 3d 238, 741 N.E.2d 1103 (2000) (
holding that 
Apprendi
 does not apply to cases on collateral review).  Nevertheless, we are still persuaded by Justice Wolfson's exhaustive research and thoughtful analysis in 
Beachem
, and we continue to hold that 
Apprendi
 applies to a defendant's initial and timely filed postconviction petition
.

    Next, the State maintains that the defendant's failure to raise an 
Apprendi
 challenge to his sentence in his postconviction petition waives said challenge.  See 725 ILCS 5/122-3 (West 1998) (failure to specify error in postconviction petition waives consideration of the error).  However, the decision in 
Apprendi
 was not issued until June 1, 2000, while the defendant's postconviction petition had been filed and already denied by December 22, 1999.  In any event, the constitutional dimension of the question permits this court to address the issue regardless of the defendant's failure to raise it before the circuit court.  See 
Beachem
, 317 Ill. App. 3d at 706, 740 N.E.2d at 397-98.

     The State then contends that the defendant may not raise an 
Apprendi
 challenge since he pleaded guilty to the charges in this case.   The State relies on the well-established rule that a voluntary plea of guilty waives all errors, defects and irregularities in the proceedings that are not jurisdictional, including constitutional error.
 

     In 
People v. Jackson
, 199 Ill. 2d 286, 769 N.E.2d 27 (2002), our supreme court held that by pleading guilty, a defendant waives a challenge to his or her sentence based upon 
Apprendi
.  Even though 
Apprendi
 was an appeal from a guilty plea, the court distinguished 
Apprendi
 pointing out that the defendant in that case reserved the right to challenge the hate crime sentence enhancement on constitutional grounds.   
Jackson
, 199 Ill. 2d at 297, 769 N.E.2d at 27. The court explained its decision as follows:

     "A clear understanding of 
Apprendi
 explains why defendant's guilty plea waived her 
Apprendi
-based
 
argument.  The underlying lesson of 
Apprendi
 is, '[p]ut simply, facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition "elements" of a separate legal offense.'  
Apprendi
, 530 U.S. at 483 n.10, 147 L. Ed. 2d at 450 n.10, 120 S. Ct. at 2359 n.10.  See also 
Apprendi
, 530 U.S. at 492, 147 L. Ed. 2d at 456, 120 S. Ct. at 2363-64 (rejecting as 'nothing more than a disagreement with the rule we apply today' the argument that '[t]he required finding of biased purpose is not an "element" of a distinct hate crime offense, but rather the traditional
 "
sentencing factor" of motive').  Every fact necessary to establish the range within which a defendant may be sentenced is an element of the crime and thus falls within the constitutional rights of a jury trial and proof beyond
 
a reasonable doubt, made applicable to the states by the due process clause of the fourteenth amendment.  But by pleading guilty, a defendant 
waives exactly those rights
.  A knowing relinquishment of the right to a trial by jury is the 
sine
 
qua
 
non
 of a guilty plea.  Thus it is clear that 
Apprendi
-based sentencing objections cannot be heard on appeal from a guilty plea." (Emphasis in original.)  
Jackson
, 199 Ill. 2d at 295-96, 769 N.E.2d at 26.  

See also 
Hill v. Cowan
, No. 90229, slip op. at 3 (April 18, 2002) (
petition
 
for
 
rehearing
 
pending
) (petitioner's guilty plea forecloses him from raising an 
Apprendi
 challenge to his sentence).

     In the present case, the defendant contends that since the Illinois extended-term statute does not contain any requirement that he be provided with notice of the facts that subject him to an increased penalty or that a jury determine whether those facts exist beyond a reasonable doubt, he must be resentenced to a nonextended term.  However, in  
Jackson
, the court rejected the same argument, stating as follows:

"This argument is without merit, because the trial court is not required to apprise a defendant of the elements of the crimes with which he is charged before accepting a
 
guilty plea. [Citation.] All that the defendant need be informed of are: (1) the nature of the charge against him; (2) the maximum and minimum penalties to which he could be subjected; (3) his right to plead not guilty, if he so
 
chooses; and (4) that a guilty plea would operate to waive his rights to a jury trial and to be confronted with the witnesses against him.  [Citation.]" 
Jackson
, 199 Ill. 2d at 296-97, 769 N.E.2d at 27.

     In this case, the defendant received the required admonishments.  Although he was not advised that he could receive an extended term if the trial court found that the offenses were accompanied by brutal and heinous behavior, the defendant was admonished that the possible penalties he could receive included a term of years, an extended-term sentence, natural life imprisonment or the death penalty, although the
 
trial court declined to find the defendant eligible for the death penalty.
(footnote: 3)  Knowing the full range of penalties he faced, the defendant still chose to plead guilty.  Thus, the defendant made the decision to relieve the State of proving any element of the crime by pleading guilty.  See 
Jackson
, 199 Ill. 2d at 297, 769 N.E.2d at 27 (describing such a decision as "quintessential waiver").

     Based upon the decisions in 
Jackson
 and 
Hill
, we hold that the defendant waived his 
Apprendi
-based sentencing objection by pleading guilty in this case.

III.  Constitutionality of Public Act 83-942

     The defendant contends that Public Act 83-942 (Pub. Act 83-942, eff. November 23, 1983), which amended the Act to provide for the summary dismissal of a postconviction petition, violates the single subject rule of article IV, section 8, of the Illinois  Constitution (Ill. Const. 1970, art. IV, §8).  

     This court has already addressed and rejected the argument that Public Act 83-942 violates the single subject rule.  See 
People v. Roberts
, 318 Ill. App. 3d 719, 733-34, 742 N.E.2d 1025 (2000).  Moreover, this argument has been rejected by every other district of the appellate court except for the Fifth District, which apparently has not yet addressed the issue.  See 
Stewart
, 326 Ill. App. 3d at 939-40, 726 N.E.2d at 609.
(footnote: 4)
     Since we agree with the reasoning and the result in those cases, we continue to hold that Public Act 83-942 does not violate the single subject rule.

Conclusion

     The judgment of the circuit court is affirmed.

     Affirmed.

     CERDA and WOLFSON, JJ., concur.

     

   

FOOTNOTES
1:
The report also indicates that Haldol P.O. was discontinued on April 22, 1996, and Haldol Decanoate was given April 29, 1996, and discontinued May 6, 1996.

2:
In his petition, the defendant states that he has not yet received the transcripts which would establish that he was forced to lie in pretrial proceedings.  However, the record on appeal contains the transcripts from the defendant's motion to suppress and from the entry of his guilty plea and sentencing hearing.  None of those transcripts support the defendant's allegations.

3:
There is no dispute that the defendant was sentenced to an extended term.  While Judge Brady did not specifically articulate his reason for imposing the extended-term sentence, prior to imposing sentence, he commented that it was one of the most heinous crimes he could remember
.

4:
In his brief, the defendant states that this issue is pending before the Illinois Supreme Court in the consolidated Fifth District cases of 
People v. McClain
, 312 Ill. App. 3d 529, 727 N.E.2d 383 (2000), 
appeal
 
allowed
, 189 Ill. 2d 696, 734 N.E.2d 896 (2000), and 
People Johnson
, 312 Ill. App. 3d 532, 727 N.E.2d 1058 (2000), 
appeal
 
allowed
, 189 Ill. 2d 694, 734 N.E.2d 896 (2000).