NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (4th) 250385-U

NOS. 4-25-0385, 4-25-0387 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 19, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| BRETT HILLIGOSS-NIXON, | ) | Nos. 23CF725 |
| Defendant-Appellant. | ) | 23CF726 |
| | ) | |
| | ) | Honorable |
| | ) | Amy L. McFarland, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Zenoff and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court granted counsel's motion for leave to withdraw, concluding that defendant's appeal presented no potentially meritorious issues.

¶ 2    Defendant, Brett Hilligoss-Nixon, pled guilty to multiple counts of aggravated driving under the influence (DUI) (625 ILCS 5/11-501(a), (d)(1)(A) (West 2022)) and was sentenced to the Illinois Department of Corrections (DOC). He filed a motion to reconsider his sentence, which was denied. He appealed the denial, and the Office of the State Appellate Defender (OSAD) was appointed to represent him. OSAD now moves for leave to withdraw, asserting defendant's appeal presents no meritorious issues for review.

¶ 3    We agree, grant OSAD's motion and affirm the decision of the trial court.

¶ 4                    I. BACKGROUND

¶ 5    On April 22, 2024, defendant entered into a plea agreement with the State.

Defendant pled guilty to (1) one count of aggravated DUI in case No. 23-CF-643 (*id.* § 11-501(a), (d)(1)(G)); (2) one count of aggravated DUI, third offense, in case No. 23-CF-725 (*id.* § 11-501(a), (d)(1)(A)); and (3) one count of aggravated DUI, fourth offense, in case No. 23-CF-726 (*id.* § 11-501(a), (d)(1)(A)). Additionally, defendant admitted to violating probation in another DUI case. In exchange, the State agreed to dismiss counts II through VIII in case No. 23-CF-643, counts II through V in case No. 23-CF-725, counts II through V in case No. 23-CF-726, and another DUI case in its entirety, case No. 23-DT-138. Case No. 23-DT-138 concerned a DUI that occurred before the offenses in case Nos. 23-CF-725 and 23-CF-726, but after defendant's first DUI offense.

¶ 6 At the plea hearing, the trial court admonished defendant that he had the right to plead guilty or not guilty, the right to a trial by jury, the right to an attorney at trial, the right to cross-examine witnesses, and the right to require the State to prove him guilty beyond a reasonable doubt. The court emphasized this final point, stating, "By entering into a plea of guilty here today, there won't be a trial of any kind. The State won't have to prove anything." Defendant stated he understood these rights. The court further admonished defendant of the potential collateral consequences of his plea, such as harsher sentences in the future and limits on his ability to obtain housing, firearms, driver's licenses, and professional licenses. Defendant again confirmed his understanding.

¶ 7 The trial court discussed the charges to which defendant was pleading guilty, including the possible sentences related to each charge. In case No. 23-CF-643, he would plead guilty to one count of aggravated DUI, a Class 4 felony, punishable by one to three years in DOC. In case No. 23-CF-725, he would plead guilty to aggravated DUI, third offense, and in case No. 23-CF-726, he would plead guilty to aggravated DUI, fourth offense. Both offenses were Class 2 felonies punishable by three to seven years in DOC. For each of defendant's offenses, the court

also discussed possible sentences if he were extended term eligible, fines, and periods of mandatory supervised release. Defendant stated that he understood the maximum and minimum penalties associated with his charges.

¶ 8        The trial court reviewed the terms of the plea agreement with defendant, including the fact that there was no agreement between the parties as to sentencing. Defendant confirmed that these terms were consistent with his understanding of the agreement. The court then asked if defendant had signed the guilty plea and jury waiver of his own free will, without outside pressure. Defendant confirmed that he had.

¶ 9        The State presented a factual basis for defendant's plea. If case No. 23-DT-138 went to trial, the State would present evidence showing defendant committed a DUI offense in May 2023 while on supervision in an earlier DUI case from 2021. If case No. 23-CF-725 went to trial, the evidence would show that he committed his third DUI offense by operating a vehicle while under the influence of alcohol, again in May 2023. If case No. 23-CF-726 went to trial, the State would present evidence that police performed a traffic stop on defendant in June 2023 after seeing him commit multiple traffic violations, resulting in his fourth DUI offense. If case No. 23-CF-643 went to trial, the State would present evidence that defendant crashed his car into a tree while under the influence of alcohol and cannabis in June 2023.

¶ 10        After the State concluded its factual basis, defense counsel stated, "The defense would stipulate, [Y]our Honor, that if the cases were called for trial, the State could prove each of the elements of each of those offenses beyond a reasonable doubt." The trial court then accepted defendant's guilty plea.

¶ 11        On June 24, 2024, the trial court held a sentencing hearing for defendant. At the hearing, defense counsel argued that, although defendant had pled guilty to the offenses as charged

(*i.e.*, he had pled guilty to the offenses in case Nos. 23-CF-725 and 23-CF-726 as his third and fourth DUI violations, respectively), a DUI nevertheless remained a misdemeanor until sentencing. It was only at sentencing, counsel argued, that certain factors such as prior violations could be proven to upgrade a misdemeanor offense to a felony. Counsel then noted that, at the time of sentencing, defendant's second DUI violation in case No. 23-DT-138 had been dismissed per his plea agreement. As a result, he could not be sentenced in case Nos. 23-CF-725 and 23-CF-726 as his third and fourth DUI violations because, at the time of sentencing, he did not have two prior DUI offenses. Counsel presented the court with *People v. Martin*, 2011 IL 109102, and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in support of this position.

¶ 12        The trial court responded that defense counsel should have raised this argument in a presentencing motion. It further noted that, at the time of defendant's guilty plea, when it characterized the offenses in case Nos. 23-CF-725 and 23-CF-726 as defendant's third and fourth offenses, counsel had not objected. Counsel agreed but argued that when defendant accepted his guilty plea, he pled guilty to the elements of the crimes of which he was charged with no agreement made as to sentencing. Therefore, because the plea was an open plea, defendant could argue at sentencing that his charges in case Nos. 23-CF-725 and 23-CF-726 did not constitute his third and fourth DUI offenses, despite pleading guilty to their classification as such. Counsel explained:

> "Now, if we had a negotiated plea in any way, I could [not] make this argument. But because we had an open plea, we stipulated only to the elements. I agree I did have this in mind at the time of the plea, but it's an open plea. There doesn't have to be a meeting of the minds. And so, again, I think someone has raised what good does this do. The only difference is instead of a Class 4 felony, one of them is a misdemeanor. But I do believe that is all the evidence can support."

¶ 13    The trial court ultimately rejected counsel's argument. It first discussed *Martin*, stating:

> "The Court finds that that case is clearly distinguishable from the case at hand. That was an issue related to a jury trial finding and a sentencing. In this case, counsel indicates that element needs to be proven by the State beyond a reasonable doubt. However, that was waived at such time as the defendant took a guilty plea, was advised of his trial rights, and was admonished by the Court that there would be no trial, and the State would not have to prove anything."

The court continued,

> "I disagree with counsel that somehow because it's a blind plea, that the State at sentencing has a requirement to prove certain elements when those elements were pled guilty to by the defendant. Further, the defendant's counsel stipulated to the factual basis that was to the facts of the case. But the Court also provided to the defendant the sentencing range that would be at play at the time of sentencing. And there was no objection as it related to those sentencing ranges that were provided.
>
> So, as such, I don't know if that was a motion or not, [defense counsel], but it's denied."

¶ 14    After hearing evidence in aggravation and mitigation, the trial court sentenced defendant to two years' incarceration in case No. 23-CF-643, three years' incarceration in case No. 23-CF-725, and three years' incarceration in case No. 23-CF-726. The sentences in case Nos. 23-CF-725 and 23-CF-726 would run consecutively to each other, while the sentence in case No. 23-CF-643 would run concurrently with the other two.

¶ 15 On June 27, 2024, defendant filed a motion to reconsider his sentences in case Nos. 23-CF-725 and 23-CF-726. This motion repeated the argument defense counsel had previously made, stating that the trial court had erred in sentencing defendant for a felony in case No. 23-CF-725 because the State had not proven that this offense was defendant's third DUI offense in order to upgrade the misdemeanor. Although defendant did not challenge the term of years imposed in case No. 23-CF-726, he argued that it was improperly classified as his fourth DUI offense instead of his third. Defendant requested that the court "amend its sentencing order to reflect the appropriate classifications for the offenses, impose a 364-day sentence in [case No. 23-CF-725], and order that the misdemeanor sentence in [case No. 23-CF-725] run concurrently with the third-DUI sentence in [case No. 23-CF-726]."

¶ 16 Defense counsel also filed a certificate stating his compliance with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). The certificate stated that counsel had (1) consulted with defendant in person, by phone, and by mail to ascertain his contentions of error in the sentence and the entry of the plea of guilty, (2) examined the trial court file and the report of proceedings of the guilty plea and sentencing hearings, and (3) made any amendments to the motion necessary for an adequate presentation of any defects in those proceedings.

¶ 17 A hearing was held on defendant's motion. After hearing the arguments of both parties, the trial court denied the motion. It found that, in making his guilty plea, defendant had agreed to the classification of case Nos. 23-CF-725 and 23-CF-726 as his third and fourth DUI offenses. In exchange, the State had dismissed other charges. The court explained,

> "While the actual sentence was not [negotiated]; the charge and the cases were. The defendant was admonished that upon sentencing, that once you waive your right to trial, the State doesn't have to prove anything. There's not going to be *** a trial

of any kind. The State's not going to be required to prove anything beyond a reasonable doubt at that time."

¶ 18 The trial court admonished defendant of his right to appeal, to which defendant stated, "Yeah, I understand. I don't plan on putting any *** appeal in after this or anything." Defense counsel responded, "We *** would ask the clerk to file a notice of appeal so the convictions can be fixed later, so your record can be cleaned up." Defendant agreed. The court notified the clerk to enter a notice of appeal on defendant's behalf and appoint OSAD to represent him.

¶ 19 This appeal followed.

¶ 20 II. ANALYSIS

¶ 21 Defendant appeals his sentences in case Nos. 23-CF-725 and 23-CF-726. On his motion, the appeals were consolidated.

¶ 22 OSAD argues that defendant's appeal presents no meritorious issues for review and requests leave to withdraw. OSAD filed an accompanying memorandum pursuant to *Anders v. California*, 386 U.S. 738 (1967), setting forth the potential issues that could be raised on appeal and the reasons those issues are without merit. A copy of the motion was mailed to defendant, and defendant did not file a response.

¶ 23 We will discuss each of these potential issues in turn.

¶ 24 A. Denial of Defendant's Motion to Reconsider His Sentence

¶ 25 OSAD first asserts that no argument may be made that the trial court erred in denying defendant's motion to reconsider his sentence. OSAD notes that defendant "did not claim in his motion to reconsider sentence that his plea was anything but knowing and voluntary, and he did not allege any jurisdictional errors; accordingly, all of his alleged errors have been waived."

We agree.

¶ 26        We note that OSAD's summary of the law in this area is not entirely accurate. OSAD relies on *People v. Townsell*, 209 Ill. 2d 543, 545 (2004), for the proposition that "a voluntary guilty plea waives all non-jurisdictional errors or irregularities, including constitutional ones." However, critically, the defendant in *Townsell* accepted a *negotiated* guilty plea that had an agreement as to sentencing. *Id.* at 544-45. In contrast, our supreme court has held that "when a defendant enters an open or 'blind' guilty plea where there is no agreement as to sentence, the defendant is not precluded from challenging his sentence." *People v. White*, 2025 IL 129767, ¶ 29. Because, in the instant case, defendant's plea did not contain any agreement as to sentencing, the waiver principle from *Townsell* is not applicable.

¶ 27        However, despite defendant's general ability to raise a challenge to his sentence, we find that he has, in fact, waived the particular sentencing claim he asserts on appeal because it concerns the underlying factual basis of his plea, which he previously agreed to. Defendant argues that the State failed to prove at his sentencing hearing that his convictions in case Nos. 23-CF-725 and 23-CF-726 were for his third and fourth DUIs, respectively. This is based on the fact that, per the terms of his plea agreement, his second DUI was dismissed by the time of his sentencing. However, our supreme court has explained, "Every fact necessary to establish the range within which a defendant may be sentenced is an element of the crime and thus falls within the constitutional rights of a jury trial and proof beyond a reasonable doubt ***. But by pleading guilty, a defendant *waives exactly those rights*." (Emphasis in original.) *People v. Jackson*, 199 Ill. 2d 286, 296 (2002). Put another way, by accepting a guilty plea, a defendant absolves the State of its burden of proving any elements of the crime, including those facts which later form the basis for the defendant's sentence. See *id.* (holding the defendant could not argue that the facts

underlying her extended term sentence were not proven beyond a reasonable doubt where the defendant had pled guilty and absolved the State of its burden of proof).

¶ 28    Here, in pleading guilty, defendant stipulated to the underlying facts supporting his convictions in case Nos. 23-CF-725 and case 23-CF-726, namely that he had a second DUI conviction that would render these convictions his third and fourth DUIs. He therefore absolved the State of its burden to prove these elements. See *id.* We therefore find that defendant's agreement to the factual basis of his guilty plea precluded him from asserting the lack of a factual basis for his convictions at the time of sentencing. We agree with OSAD that no meritorious argument can be made that the trial court erred in denying defendant's motion.

¶ 29    We also note our agreement with the trial court that neither *Martin* nor *Apprendi* provides support for defendant's position. In *Apprendi*, the United States Supreme Court held that, like the elements of a crime, a defendant is entitled to have sentencing enhancement factors presented to a jury and proven beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. In *Martin*, our supreme court held that the State had proven the defendant guilty of aggravated DUI where the evidence showed that defendant's violation of a DUI statute was the proximate cause of the victims' deaths in a car accident. *Martin*, 2011 IL 109102, ¶ 28. Although *Martin* largely concerned the proper interpretation of the relevant DUI statute (see *id.* ¶ 20), defense counsel cited it for the proposition that sentencing is the appropriate time to determine an offense's classification as a misdemeanor or felony.

¶ 30    Neither *Martin* nor *Apprendi* assists defendant. The trial court here did not determine that the State did not have to prove certain sentencing factors beyond a reasonable doubt, which would have run afoul of *Apprendi*. Rather, it determined that defendant had waived the State's burden of proof on these factors when he entered his guilty plea. This was correct. See

- 9 -

*Jackson*, 199 Ill. 2d at 296 ("[I]t is clear that *Apprendi*-based sentencing objections cannot be heard on appeal from a guilty plea.").

¶ 31        Similarly, *Martin*'s implication that sentencing is the proper time to determine if an offense is a misdemeanor or a felony does not help defendant. It is irrelevant in the face of his waiver. Essentially, defendant argues that, at the sentencing hearing, the factual basis from his plea hearing no longer applied and a new factual basis—to which defendant had not stipulated—had to be presented. This is incorrect.

¶ 32        *Jackson* illustrates the point. There, the defendant pled guilty to aggravated battery in exchange for the State's recommendation of a sentence within the normal range of imprisonment. *Id.* at 288. The trial court, however, sentenced the defendant to an extended term after making the finding, *at her sentencing hearing*, that her offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. *Id.* at 299. This finding was based on the factual basis the State had provided earlier for purposes of the defendant's guilty plea. *Id.* As with defendant's argument here, the trial court in *Jackson* made the finding supporting its sentence at the sentencing hearing. *Id.* at 292. Nevertheless, that finding was based on the elements of the crime which the defendant's guilty plea had earlier absolved the State of proving. See *id.* at 299.

¶ 33        Similarly, in the instant case, the State's factual basis at the time of defendant's plea, to which defendant stipulated, supported the classification of defendant's offenses in case Nos. 23-CF-725 and 23-CF-726 as his third and fourth offenses. This factual basis was later used in classifying the offenses for sentencing. The factual basis underlying defendant's plea and the facts informing the court's sentencing classification are one and the same, and both were agreed to by defendant.

¶ 34                                    B. Invited Error

¶ 35        OSAD further argues that, even if the trial court had erred in treating defendant's offenses in case Nos. 23-CF-725 and 23-CF-726 as his third and fourth DUI violations, the error would have been invited, and thus, defendant would be precluded from challenging his sentence. As we find the trial court did not err, it is not essential for us to address this potential argument. However, we nevertheless agree with OSAD.

¶ 36        *People v. Moore*, 2021 IL App (2d) 200407, is instructive. There, the defendant was indicted on one count of armed robbery with a firearm. *Id.* ¶ 3. Despite ongoing attempts between the State and the defendant to agree on a plea, the defendant ultimately chose to proceed to trial. *Id.* ¶¶ 4, 7. After the first day of trial, the defendant told his counsel that he had changed his mind and wanted to accept a negotiation. *Id.* ¶ 13. The State agreed, and the defendant agreed to plead guilty to armed robbery with a dangerous weapon and receive 15 years' incarceration. *Id.* ¶¶ 13-14. Before accepting the defendant's plea, the trial court spoke with the defendant and asked him to " 'convince [the court] this is really what you want to do.' " *Id.* ¶ 15. The defendant repeatedly asserted that he wanted to accept the plea agreement. *Id.* After the parties stipulated to a factual basis and the defendant had been admonished, the court accepted the defendant's plea. *Id.* ¶ 17.

¶ 37        The defendant later filed a motion to withdraw his guilty plea, arguing the State had failed to establish a factual basis for the charge of robbery while armed with a dangerous weapon other than a firearm. *Id.* ¶ 21. The trial court denied the motion, and the defendant appealed. *Id.* ¶¶ 23-24.

¶ 38        On appeal, the defendant argued "that the factual basis was insufficient to support his guilty plea to armed robbery with a dangerous weapon *other than a firearm* because the record

established unequivocally that he was armed *with a firearm*." (Emphases in original.) *Id.* ¶ 31. The appellate court agreed that the record did not show that the defendant was armed with a dangerous weapon *other than* a firearm. *Id.* ¶ 32. However, it found that the defendant was precluded from challenging his guilty plea where he invited and acquiesced in the claimed error. *Id.* ¶ 33. The court specifically noted that to allow the defendant to withdraw his plea would be manifestly unfair where the defendant had agreed to and benefited from the more lenient sentence without the firearm enhancement. *Id.* ¶ 34.

¶ 39        Like the defendant in *Moore*, defendant here accepted a guilty plea from which he undeniably benefited. Per the terms of plea, the State dismissed 13 charges across four cases in exchange for defendant's guilty plea to 3 charges of DUI, 2 of which would be his third and fourth offenses. Indeed, in exchange for obtaining the convictions for his third and fourth DUI offenses, the State agreed to drop defendant's second DUI in its entirety. It was on the basis of this dropped case that defendant then argued at sentencing that the State had failed to prove him guilty of a third and fourth DUI offense. To summarize, defendant accepted a plea agreement that classified his charges in case Nos. 23-CF-725 and 23-CF-726 as his third and fourth DUI offenses in exchange for, among other things, a dropped DUI case. He then later argued that by virtue of his dropped DUI case, he could not be sentenced for a third and fourth DUI offense. Similar to the court in *Moore*, we find that allowing defendant to allege error where he not only invited it, but benefited from it, would be manifestly unfair.

¶ 40                          C. Defendant's Guilty Plea

¶ 41        OSAD notes that defendant does not argue his plea was not voluntary or intelligently made. However, OSAD argues that even if he wished to argue this, such an argument would be without merit. We agree.

¶ 42        "In order to satisfy due process, a guilty plea must be affirmatively shown to have been made voluntarily and intelligently." *People v. Burt*, 168 Ill. 2d 49, 64 (1995). Illinois Supreme Court Rule 402 (eff. July 1, 2012) "was adopted to ensure compliance with these due process requirements." *Burt*, 168 Ill. 2d at 64. Rule 402(a) provides that, before accepting a defendant's guilty plea, a court must admonish the defendant as to the following: the nature of the charge, the minimum and maximum sentences as prescribed by law, that the defendant has the right to plead not guilty or guilty, and that if he pleads guilty there will not be a trial of any kind. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Additionally, Rule 402(b) requires the court to confirm the terms of the agreement with defendant and confirm that no force, threats, or promises were used to obtain the plea. Ill. S. Ct. R. 402(b) (eff. July 1, 2012). It must also determine that a factual basis for the plea exists. Ill. S. Ct. R. 402(c) (eff. July 1, 2012). Substantial compliance with Rule 402 is sufficient to satisfy due process. *Burt*, 168 Ill. 2d at 64.

¶ 43        Here, the record affirmatively shows that the trial court reviewed defendant's charges and the possible minimum and maximum sentences to which he could be sentenced with him, including extended term sentences and periods of mandatory supervised release. It also admonished defendant of his right to plead guilty or not guilty and his right to have the State prove him guilty beyond a reasonable doubt of all the elements of the crimes. Defendant stated his understanding of these admonishments. The court further questioned defendant on the terms of the plea agreement and whether he had been pressured into accepting it. Defendant confirmed the terms of the agreement and stated he had not been pressured. Finally, the court elicited a detailed factual basis for each of the charges to which defendant was pleading guilty, and defendant stipulated to the facts as offered by the State. Accordingly, we find defendant was substantially admonished pursuant to Rule 402 and, thus, the record presents an affirmative showing that his

plea was voluntary and knowing.

¶ 44                              D. Compliance with Rule 604(d)

¶ 45        OSAD asserts that no meritorious argument can be raised regarding defense counsel's compliance with Illinois Supreme Court Rule 604(d) (eff. Apr. 15, 2024). We agree.

¶ 46        Pursuant to Rule 604(d), a defendant wishing to appeal from a judgment entered upon a plea of guilty must file a motion to reconsider his sentence or withdraw his plea within 30 days of the entry of judgment. *Id.* Additionally, Rule 604(d) requires the defendant's attorney to file a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means, or in person to ascertain defendant's contentions of error, examined the trial court file and the reports of proceedings for the plea of guilty and the sentencing hearing, and made any necessary amendments to the motion. *Id.* Failure to strictly comply with the requirements of Rule 604(d) requires remand to the trial court. *People v. Hopkins*, 256 Ill. App. 3d 203, 204 (1994).

¶ 47        Here, defense counsel strictly complied with Rule 604(d). He filed a timely motion to reconsider defendant's sentence, as well as a certificate stating he had consulted with defendant to ascertain his contentions of error in the sentence and the entry of the plea of guilty, examined the trial court file and the report of proceedings of the guilty plea and sentencing hearings, and made any amendments to the motion necessary for an adequate presentation of any defects in those proceedings. We agree with OSAD that no argument can be made that counsel failed to comply with the requirements of Rule 604(d).

¶ 48                              E. Additional Meritorious Issues

¶ 49        Our review of the record reveals no other potentially meritorious issues.

¶ 50                              III. CONCLUSION

¶ 51        For the reasons stated, we grant OSAD's motion to withdraw and affirm the trial

court's judgment.

¶ 52          Affirmed.